**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Howard Anthony RILEY, a/k/a Howie, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellant.**

v.

**Maurice PATTERSON, a/k/a Strange, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey Pat GADSON, a/k/a Tony, a/k/a Abudul Kadeem Matuba, a/k/a Vincent Campbell, a/k/a Robert George McLeod, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael Anthony NOBLE, a/k/a Jamaican Mike, a/k/a Michael Anthony Thomas, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Windell Felton CRAWLEY, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Craig JONES, Defendant–Appellant.**

**Nos. 91–5086 through 91–5092.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 4, 1993.

Decided April 19, 1993.

Beth Mina Farber, Asst. Federal Public Defender, Federal Public Defender's Office, Ralph Kenneth Rothwell, Jr., Maslan, Maslan & Rothwell, P.A., Robert Thomas Durkin, Jr., Solomon & Durkin, Baltimore, MD, argued (Fred Warren Bennett, Defender, on brief), for appellants.

James Richard Alsup, Asst. U.S. Atty., Baltimore, MD, argued (Richard D. Bennett, U.S. Atty., Maury S. Epner, Asst. U.S. Atty., Susan Quarnguesser, Law Clerk, on brief) for appellee.

Before NIEMEYER and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

## OPINION

NIEMEYER, Circuit Judge:

Howard Anthony Riley, Maurice Patterson, Jeffrey Pat Gadson, Michael Anthony Noble, Windell Felton Crawley, and Craig Jones were indicted along with five others and convicted of participating in a conspiracy to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846 and related offenses. The defendants challenge their convictions and sentences on various grounds that we now address.

### I

The principal and most substantive issue raised on appeal is whether the defendants were denied their right to a speedy trial guaranteed by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and the Sixth Amendment to the United States Constitution.

Defendant Noble was first indicted on March 14, 1990. A first superseding indictment was filed on March 25, 1990, indicting the other defendants for the first time and re-indicting Noble. A second superseding

indictment was filed on May 2, 1990. The case was initially brought to trial on October 25, 1990, but a mistrial was declared after one day and the case was rescheduled for March 11, 1991. Patterson and Noble filed motions to dismiss, in January and February 1991, respectively, contending that the delay of almost a year between indictment and the commencement of the second trial violated the provisions of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* Similarly, Jones challenged the delay under the Sixth Amendment.

█ In preparation for the first trial, the defendants filed various motions on April 16, 1990, including a motion to suppress certain evidence. The district court resolved all motions except the motion to suppress, reserving resolution of that motion for trial to determine whether the government would rely on the challenged evidence. The court stated, "the Court is not in a position to rule on the motions to suppress at this time. If at trial the Government decides to offer the evidence, the Court will conduct a hearing to determine its admissibility at that time." Because the motion to suppress was deferred until trial and therefore remained pending, the government contends that the Speedy Trial Act was not violated. Relying on 18 U.S.C. § 3161(h), the government argues that all the time from April 16, 1990, when the motion was filed, until the trial in March 1991 is excluded from the time to be counted for determining whether the trial was timely commenced.

Section 3161(c)(1) provides that "trial ... shall commence within seventy days from the filing date (and making public) of the ... indictment." Subsection (h) provides that:

> The following periods of delay shall be excluded in computing the time ... within which the trial of any such offense must commence:
>
> *      *      *      *      *      *
>
> (F) delay resulting from *any pretrial motion,* from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

(Emphasis added). Patterson and Noble contend that because the motion to suppress was not resolved before trial but deferred until trial, it lost its character as a "pretrial" motion for purposes of § 3161 when the first trial began on October 25, 1990, and became an evidentiary motion at trial. Because it was no longer a pretrial motion, they argue, the delay in its resolution could no longer provide a vehicle for excluding time under the Speedy Trial Act. In support of this argument, they refer to Federal Rule of Criminal Procedure 12(e), which prohibits a court from deferring a pretrial motion if the effect is to deny any party the right to appeal. Therefore, the argument continues, since the court denied the government its right to appeal under 18 U.S.C. § 3731 by deferring the motion to suppress until trial, the motion to suppress could no longer be a pretrial motion for the purposes of excluding time under the Speedy Trial Act.

While the procedural facts of this case are peculiar and the defendants' creative argument has some logic to it, we believe that the issue is resolved against them by a straightforward reading of the statute. Section 3161(h) provides that the period between the date that a *pretrial motion* is filed and the date on which a hearing on the motion is concluded is to be excluded from the 70 days by which commencement of trial is mandated. *See* 18 U.S.C. § 3161(h)(1)(F). Federal Rule of Criminal Procedure 12(b) specifically defines a pretrial motion as a motion "*capable* of determination without the trial of the general issue," and it lists specifically a motion to suppress. *See* Fed.R.Crim.P. 12(b)(3) (emphasis added). We note that the rule does not define the term "pretrial" by whether a motion is *in fact* decided before trial. The *motion to suppress filed by the defendants on April 16, 1990, thus was a "pretrial motion."*

█ Reliance on Rule 12(e) does not advance an argument to the contrary. Whether or not a court can defer a ruling on a pretrial motion under Rule 12(e) does not aim at the question of whether or not the motion is a pretrial motion, but only at

whether its resolution may be deferred to deny a party an appeal. In this case it was at the government's initiative that the motion to suppress was deferred until trial, and the government acknowledged that it might thereby be giving up its right to appeal an adverse ruling on the motion to suppress under 18 U.S.C. § 3731. We conclude therefore that when the Speedy Trial Act refers at 18 U.S.C. § 3161(h)(1)(F) to a "pretrial motion," the reference includes a motion to suppress whether or not deferred under Federal Rule of Criminal Procedure 12(e).

The defendants argue further that because the resolution of the motion to suppress was deferred until trial, when the trial was ended with a mistrial, the pretrial motion, subsumed in the trial, died with it. Therefore, all the time between the date the trial was aborted on October 26, 1990, and the date the retrial was commenced on March 11, 1991, must be counted as part of the delay regulated by the Speedy Trial Act. The defendants, however, fail to explain why the mistrial voids all motions pending in the case at the time. Indeed, Noble acknowledged at oral argument that all parties and the court considered the motion to suppress still open even after the declaration of the mistrial, and no party felt it necessary to refile the motion after the mistrial had been declared. We believe this argument is without merit and conclude that the pretrial motion did survive the mistrial.

Because the motion to suppress was a pretrial motion, the hearing for which did not conclude until trial, the district court properly excluded the period between its filing and its resolution. While there is no requirement that this time be justified as reasonable, *see Henderson v. United States*, 476 U.S. 321, 329–30, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 299 (1986); *United States v. Velasquez*, 802 F.2d 104, 105 (4th Cir.1986), we nevertheless observe that the period was occupied reasonably by resolution of the numerous complex motions of eleven defendants and the good faith efforts to accommodate the schedules of twelve different parties and the court.

■ Relying on the same facts, Jones contends additionally that he was denied a speedy trial in violation of the Sixth Amendment. However, he has articulated no additional factors that would suggest that his constitutional rights were violated other than the most general allegations of prejudice. Moreover, he did not raise any objection based on his constitutional right at the time the mistrial was declared and the new trial scheduled. We conclude that in the circumstances he has failed to advance sufficient grounds for establishing a constitutional violation. *See Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 2192–93, 33 L.Ed.2d 101 (1972).

## II

■ Defendant Noble contends that hearsay evidence was impermissibly admitted to support his convictions under Counts II and III of the indictment, charging him with sales of cocaine on two separate dates, and that absent that testimony the evidence was insufficient to support a conviction. The conduct forming the basis of the charges in Counts II and III were monitored sales of cocaine to a confidential informant, Michael Matthews, and their proof at trial was established mainly by the testimony of Robert A. McGraw, a special agent assigned to the United States Immigration Service, who monitored the transactions but did not visually witness them. Agent McGraw testified that before and after Matthews was sent into a meeting with Noble to make a purchase, Agent McGraw searched Matthews; that Matthews had no drugs on him when he was sent in; and that when Matthews returned, he had the drugs which he was sent to purchase. The agent also heard the entire transaction as it was recorded on a tape recording device under his control. After concealing a tape recording device on Matthews' person, Agent McGraw turned on the device before sending Matthews to meet with Noble and he turned it off when Matthews returned. Agent McGraw testified that Matthews had no control over the operation of the device. Moreover, Agent McGraw was able to identify the defen-

dants recorded on the tapes based on his own knowledge of their voices. Finally, the tapes themselves, which were admitted into evidence, reveal strong circumstantial evidence of the drug transactions which formed the basis of Counts II and III.

■ While it is true that the agent did not witness the sale, he testified properly to personal knowledge of the circumstances of the sale, and this testimony was not hearsay. Any passing characterizations made by him during his testimony about the content of the tapes and what they revealed was going on in the house where the transaction took place, while perhaps improper, were at worst harmless error because in each case the tape adequately supported the agent's statements. Accordingly, we reject Noble's contention that he was improperly convicted on hearsay evidence.

### III

■ Defendant Riley contends that his joinder in this case was prejudicial and that the district court's refusal to grant his motion to sever was error. He contends that there was a substantial disparity between the evidence against him and the evidence against the other conspirators and that he was prejudiced by a "spill-over effect" of the evidence.

■ Federal Rule of Criminal Procedure 8(b) permits joinder of defendants if "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense," and Rule 14 provides for severance if the joinder results in undue prejudice to a party. Within these requirements, the trial court is vested with substantial discretion in determining whether to sever properly joined defendants. *See United States v. West,* 877 F.2d 281, 287–88 (4th Cir.), *cert. denied,* 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989).

We recognize that in this case, as is true in most conspiracy cases, the evidence against some conspirators was stronger than that against others. While there was somewhat less evidence against Riley, there can be little doubt that the evidence in this case was sufficient to implicate him in the conspiracy. There was direct testimony of his involvement in the distribution of drugs, and several witnesses linked him to Noble, the ringleader, as did Noble's own statements. The jury, which was properly instructed on the method for considering separately the evidence against each member of a conspiracy, demonstrated its ability to follow the instructions and match evidence with defendants and counts. While it returned a verdict against Riley, it acquitted two other defendants. Our review of the record does not reveal that the court abused its discretion in refusing to sever Riley's trial in the overall circumstances of this case.

### IV

■ Likewise, we reject the contentions of Jones, Riley, Crawley, and Patterson that the evidence against them was not sufficient to sustain their convictions of participating in a drug distribution conspiracy. When we view the evidence in the light most favorable to the government, as we must when reviewing such a contention, we are satisfied that a rational trier of fact could have found that the defendants were guilty beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

### V

Finally, defendants Riley, Gadson, and Jones challenge aspects of their sentencings.

■ Riley challenges a two-level enhancement for obstruction of justice based on an attempt to influence a witness while both were in jail. The evidence shows that while Riley was in jail he showed Johnson, an unindicted co-conspirator, a copy of Johnson's grand jury testimony and told him, "You had better get it right." Taking this evidence together with evidence of other threats made by Riley and the violent nature of the conspiracy, the district court found that Riley's offense level was properly enhanced under the Sentencing Guide-

lines. *See* U.S.S.G. § 3C1.1. We cannot conclude that this finding was clearly erroneous. *See United States v. Vinson*, 886 F.2d 740, 742 (4th Cir.1989), *cert. denied*, 493 U.S. 1062, 110 S.Ct. 878, 107 L.Ed.2d 961 (1990).

 Gadson challenges the district court's refusal to accord him a reduction in his offense level for acceptance of responsibility. He points out that early in the proceedings he approached the government with an offer to give testimony and actually confirmed some aspects of the conspiracy for the government. The government, however, did not find the information useful and was unwilling, as a result, to enter into a plea agreement with Gadson. The district court found that this exchange between Gadson and the government was insufficient to demonstrate that the defendant accepted responsibility, and we cannot conclude that this finding was clearly erroneous. *See* U.S.S.G. § 3E1.1; *United States v. Gordon*, 895 F.2d 932, 936–37 (4th Cir.1990), *cert. denied*, 498 U.S. 846, 111 S.Ct. 131, 112 L.Ed.2d 98 (1990).

Jones challenges the court's finding that he had a major role in the conspiracy. The district court found that "virtually every one of the witnesses who knew the inside of this operation clearly identified Jones as the number two man in this entire operation." The court accordingly enhanced Jones' offense level under U.S.S.G. § 3B1.1(b). Again this is a question of fact supported by substantial evidence, and we cannot conclude that the district court was clearly erroneous. *See United States v. Paz*, 927 F.2d 176, 180 (4th Cir.1991).

## VI

Finding no reversible error in the convictions or sentencings of the appellants, we affirm the judgment of the district court.

AFFIRMED.