19 F.3d 1430
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Lee CLAY, Defendant-Appellant.
 No. 93-5628.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 8, 1994.
Decided March 25, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge.
 Howard L. Cardin, Cardin & Gitomer, P.A., Baltimore, MD, for appellant.
 Lynne A. Battaglia, U.S. Atty, Richard C. Kay, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before HAMILTON and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Roy Lee Clay pleaded guilty to one count of possession with intent to distribute heroin in violation of 21 U.S.C.A.Sec. 841(a)(1) (West 1981 & Supp.1993). The court sentenced Clay to eighty-seven months imprisonment, ordered four years of supervised release, and imposed a $50 special assessment. On appeal, Clay contends that the district court should have dismissed the case against him because he was not brought to trial within seventy days of his initial appearance as required by the Speedy Trial Act, 18 U.S.C.A.Secs. 3161-3174 (West 1985 & Supp.1993). We disagree and affirm.
 
 I.
 
 2
 The grand jury indicted Clay on October 20, 1992. His initial appearance before a judge occurred on October 27, 1992. On November 18, 1992, the government filed a motion to transfer Clay's case to a different judge which the court granted on November 19, 1992. Because of the case transfer, the government filed pretrial motions for a scheduling order and to exclude time under the Speedy Trial Act on December 18, 1992. Clay filed several pretrial motions on January 15, 1993, and the court scheduled the trial to begin on February 4, 1993. On January 29, 1993, Clay filed a motion to dismiss the indictment. On February 4, 1993, the court disposed of all motions and then accepted Clay's guilty plea. The district court denied Clay's motion to dismiss the indictment because it found that the seventy-day requirement in the Speedy Trial Act had not run at the time of the plea hearing.
 
 II.
 
 3
 We review the legal conclusions in the district court's interpretation of the Speedy Trial Act de novo, United States v. Wright, 990 F.2d 147, 148 (4th Cir.) (citing United States v. Ortega-Mena, 949 F.2d 156, 158 (5th Cir.1991)), cert. denied, 62 U.S.L.W. 3249 (U.S.1993), and review the factual findings for clear error. Ortega-Mena, 949 F.2d at 158.
 
 
 4
 The Speedy Trial Act requires that a criminal defendant be tried within seventy days of his indictment or initial appearance, whichever is later. 18 U.S.C.A. Sec. 3161(c)(1). The Act excludes from the seventy-day period, among other things, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Id. Sec. 3161(h)(1)(F). If, however, a defendant is not brought to trial within seventy days, the court must dismiss the indictment upon the defendant's motion. Id. Sec. 3162(a)(2).
 
 
 5
 On appeal, Clay argues that (i) because the court did not conduct a hearing to decide the government's motion for a scheduling order, the motion does not fall within the Act's provision that excludes time for the resolution of pretrial motions, and (ii) because the motion did not comply with Maryland District Court Rule 207, the motion cannot be considered a pretrial motion. Clay concludes that the court violated his speedy trial rights because it incorrectly included the period from December 18, 1992, to January 15, 1993, in the speedy trial calculation.[1] The time the scheduling motion was pending before the court is excludable even though the court conducted no hearing.[2] See United States v. Davenport, 935 F.2d 1223, 1237 n. 12 (11th Cir.1991). Further, Clay's assertion that the scheduling motion did not comply with Rule 207 lacks merit. See United States v. Riley, 991 F.2d 120, 123 (4th Cir.) (looking to Fed.R.Crim.P. 12(b) to determine what constitutes pretrial motion), cert. denied, 62 U.S.L.W. 3319 (U.S.1993). Therefore, taking all excludable time into account, Clay was brought to trial within forty-nine days[3] of his initial appearance.
 
 III.
 
 6
 Because a total of forty-nine nonexcludable days elapsed between Clay's initial appearance and plea hearing, thereby complying with the Speedy Trial Act's seventy-day requirement, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The government and Clay agree as to all other excludable time
 
 
 [2]
 We find United States v. Hoslett, 998 F.2d 648 (9th Cir.1993), to be of no help in deciding the issues raised
 
 
 [3]
 From October 27, 1992, the date of Clay's initial appearance, until February 4, 1993, the date of Clay's plea hearing, 101 days elapsed. From the 101-day total before exclusions, 52 days were excluded for a total of 49 days