UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

GILBERTO BALESTIER,
　　　　　　*Defendant-Appellant.*

No. 01-4620

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-99-67)

Submitted: October 30, 2002

Decided: December 3, 2002

Before WILKINS, Circuit Judge, Frank J. MAGILL,
Senior Circuit Judge of the United States Court of Appeals
for the Eighth Circuit, sitting by designation, and
Robert E. PAYNE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, George E.B. Holding, First Assistant United States Attorney, Anne M. Hayes,

Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Gilberto Balestier appeals his conviction and sentence for possess-
ing a stolen vehicle within the territorial jurisdiction of the United
States. *See* 18 U.S.C.A. § 13(a) (West 2000) (assimilating N.C. Gen.
Stat. § 20-106 (2001)). We affirm.

### I.

In July 1999, a man stole Richard Slade's black 1997 Dodge Neon
from him at gunpoint outside a Rochester, New York bar. Inside the
vehicle were a set of golf clubs and other personal items belonging
to Slade.

The following month, Balestier and his girlfriend, Linnette Torres,
visited their friends Eliot and Virginia Rivera at the Riveras' home on
the Camp Lejeune Marine Corps Base in North Carolina. Balestier
and Torres were driving the stolen vehicle.

Balestier and Torres admitted to Virginia Rivera (Rivera) that they
had stolen the vehicle, telling her that they had driven to a street near
a bar and waited for a customer to leave the bar. When a customer
exited the bar and approached his vehicle, Balestier accosted him and
demanded the vehicle at gunpoint. After stealing the vehicle, Balestier
and Torres drove to Torres' mother's house and removed some items
from the vehicle, including golf clubs.

Balestier and Torres were subsequently arrested and charged with
(1) conspiracy to transport a stolen vehicle in interstate commerce,

*see* 18 U.S.C.A. § 371 (West 2000); (2) transporting a stolen vehicle in interstate commerce, *see* 18 U.S.C.A. § 2312 (West 2000); and (3) possessing a stolen vehicle within the territorial jurisdiction of the United States, *see* 18 U.S.C.A. § 13(a) (assimilating N.C. Gen. Stat. § 20-106). Following a jury trial, Balestier was convicted of the possession charge and sentenced to 21 months imprisonment.

## II.

At trial, Balestier testified that he had once been the victim of an auto theft and that when recovered, the vehicle had broken windows and a burned interior. The district court sustained the Government's objection to further testimony regarding the condition of the vehicle on the ground that such testimony was irrelevant. *See* Fed. R. Evid. 402. Balestier challenges this ruling as an abuse of discretion. *See Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999).

Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Balestier argues that further testimony regarding the damage to his vehicle would have supported his claim that the undamaged condition of the Dodge Neon led him to believe that it was not stolen. We reject this argument. The two competing theories presented at trial were the Government's claim that Balestier stole the Dodge Neon, and Balestier's claim that he rented it. If the latter were true, Balestier would have no reason to believe that the vehicle was stolen. Thus, further testimony about the condition of the vehicle previously stolen from Balestier would have added nothing to Balestier's defense that he did not know the Dodge Neon was stolen. The district court therefore did not abuse its discretion in excluding this testimony.

## III.

At sentencing, the district court imposed a two-level enhancement for obstruction of justice based on its determination that Balestier threatened Rivera. *See U.S. Sentencing Guidelines Manual* § 3C1.1 (2000); *see also id.* comment. (n.4(a)) (providing that enhancement applies to "threatening, intimidating, or otherwise unlawfully influ-

encing a . . . witness"). Balestier challenges this ruling, arguing that his actions toward Rivera did not constitute a threat. We review the factual findings of the district court for clear error. *See United States v. Dawkins*, 202 F.3d 711, 714 (4th Cir. 2000).

Rivera testified that after Balestier's arrest, he asked her if she "was going to say the truth." J.A. 86. Rivera responded, "[T]he truth?" *Id.* Balestier stated, "I didn't do anything." *Id.* During this exchange, Balestier brushed the back of his hand against Rivera's face. Rivera also testified that shortly after Balestier admitted to stealing the vehicle, he had told her that if anyone did anything harmful to him, he would "wait a little while to do a payback." *Id.* at 139.

Facts relevant to a sentencing determination need only be proven by a preponderance of the evidence. *See United States v. Lewis*, 235 F.3d 215, 218 (4th Cir. 2000), *cert. denied*, 122 S. Ct. 39 (2001). Here, the district court did not clearly err in finding that Balestier threatened Rivera. Through his verbal statements, Balestier pressured Rivera to testify in his favor, even though he previously admitted to her that he stole the vehicle. *See United States v. Riley*, 991 F.2d 120, 125-26 (4th Cir. 1993) (affirming obstruction of justice enhancement when defendant showed witness a copy of witness' grand jury testimony and told him, "[y]ou had better get it right" (internal quotation marks omitted)). And, Balestier's brushing of the back of his hand against Rivera's face while urging her to testify favorably appears to have been an implicit threat, especially in light of his earlier statement about "payback." Thus, we affirm the obstruction of justice enhancement.

## IV.

The district court also enhanced Balestier's offense level by five levels based upon its determination that the amount of loss exceeded $10,000. *See* U.S.S.G. § 2B1.1(b)(1)(F). This finding was based on the combined fair market value of the vehicle and its contents. Slade's insurance company reported that the market value of the vehicle was $9,370, and the Government cited a printout produced in discovery showing that the "Blue Book" value of the vehicle three to four months after it was stolen was $9,910. Also, the presentence report stated that the contents of the vehicle were valued at $1,250—a value

supported by Slade's trial testimony. Balestier argues that the district court committed clear error in calculating the amount of loss. Specifically, Balestier contends that the district court should have used the loss claimed by the insurance company—$7,331.28—as the value of the vehicle.

The amount of loss is normally the fair market value of the stolen property. *See* U.S.S.G. § 2B1.1, comment. (n.2). Still, "the loss need not be determined with precision," and the court "need only make a reasonable estimate of the loss, given the available information." *Id.* comment. (n.3). Here, the determination by the district court that the amount of loss exceeded $10,000 was properly based on the combined fair market value of the vehicle and its contents. The $7,331.28 figure cited by Balestier does not represent the market value of the vehicle, but rather, the remaining loss to Slade's insurance company after it sold the vehicle at salvage and paid for a temporary rental vehicle for Slade. Thus, the district court did not clearly err in finding that the total loss exceeded $10,000.

V.

For the reasons set forth above, we affirm Balestier's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*