**Mark BAUGH, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 97–2766.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2002.

Robert A. Culp, Law Office of Robert A. Culp, New York, NY, for Appellant.

Paul T. Weinstein, Assistant United States Attorney for the Eastern District of New York (Alan Vinegrad, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney for the Eastern District of New York, on the brief), Brooklyn, NY, for Appellees.

Present KEARSE, McLAUGHLIN, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Jack Weinstein, *Judge* ), it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Petitioner Mark Baugh, convicted of conspiracy to rob and threaten a person in possession of U.S. mail and to possess stolen U.S. mail in violation of 18 U.S.C. § 371, appeals from the oral ruling and final judgment of dismissal of the United States District Court for the Eastern District of New York (Jack Weinstein, *Judge* ) denying his motion to vacate his conviction pursuant to 28 U.S.C. § 2255.

Petitioner asserts that his counsel's failure to make a motion to dismiss the indict-

ment against him based upon a violation of the Speedy Trial Act, 18 U.S.C. § 3161 ("STA"), amounted to ineffective assistance of counsel. In order to prevail on this claim, petitioner must demonstrate that his counsel failed to meet "an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that "but for [his] counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. Thus, petitioner must show that any reasonable attorney would have made a motion to dismiss based upon the alleged STA violation, and that his counsel's failure to do so prejudiced him.

Here, petitioner cannot make this showing. The STA requires that a defendant be brought to trial within 70 days of his indictment, 18 U.S.C. § 3161(c)(1); a violation of this provision requires dismissal of the indictment, *id.* § 3162(a)(2). Time may be excluded from the 70–day clock for certain enumerated reasons, or when it serves "the ends of justice." *Id.* § 3161(h). In making a determination to exclude time under this latter provision, a district court must balance the "ends of justice served by the granting of such continuance" and "the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(8)(A). Factors relevant to this determination include whether the exclusion "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B).

In the 135 calendar days between petitioner's indictment and his guilty plea, the district court excluded two periods of time in the interests of justice. The first exclusion, for 43 days, was the result of a request by petitioner's attorney for more time to prepare pre-trial motions. Petitioner stipulated to a waiver of this time under the STA. In addition, while petitioner asserts that time for the preparation of pre-trial motions should not automatically be excluded from the STA clock, *see United States v. Jarrell*, 147 F.3d 315, 317 (4th Cir.1998), the district court did not automatically exclude time to allow counsel to prepare pre-trial motions; instead, it based its determination on counsel's need to prepare a defense balanced against the fact that "[t]hese people are in prison or in jail." This suffices under the STA. *United States v. Breen*, 243 F.3d 591, 597 (2d Cir.2001).

The district court granted a second, 28–day exclusion of time because defendant requested new counsel, who needed time to familiarize himself with the case before mounting a defense. Appointment of new counsel is noted in the STA as a potential reason to exclude time in the interests of justice, 18 U.S.C. § 3161(h)(B)(iv), and here again the court noted, "the defendants are in jail, so we should proceed expeditiously." While not explicit, the record thus makes clear that the district court weighed the proper factors in its determination. *Breen*, 243 F.3d at 597("[F]ailure to utter the magic words 'ends-of-justice' at the time of ordering the continuance is not necessarily fatal.").

As both exclusions were proper under the STA, a potential motion to dismiss based upon a STA violation would have failed; thus, defendant has not demonstrated that his counsel was unreasonable in failing to bring such a motion, or that defendant was prejudiced as a result of that failure.

Petitioner's motion was therefore properly denied, and the judgment of the district court is AFFIRMED.