**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Gilbert BERRY, Defendant–**
**Appellant.**

**No. 03–4352.**

United States Court of Appeals,
Fourth Circuit.

Submitted Dec. 19, 2003.

Decided Jan. 21, 2004.

Joseph A. Sanzone, Sanzone & Baker, P.C., Lynchburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

James Gilbert Berry was convicted of conspiracy to distribute 500 grams or more of methamphetamine and sentenced to 360 months of imprisonment. On appeal, he raises three issues. For the reasons that follow, we affirm.

■ First, Berry alleges that the delay between his indictment and trial exceeded seventy days, and thus, his indictment should have been dismissed under the Speedy Trial Act. 18 U.S.C.A. § 3161(c)(1) (West Supp.2003). This claim fails, however, as the time that his co-defendants' pretrial motions were pending is excluded from the Speedy Trial Act for all defendants in the same action. 18 U.S.C. § 3161(h)(1)(F); *United States v. Jarrell,* 147 F.3d 315, 316 (4th Cir.1998); *United States v. Sarno,* 24 F.3d 618, 622 (4th Cir.1994). Because this time was properly excluded from the calculation, there was no violation of the Act. *Henderson v. United States,* 476 U.S. 321, 326, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986).

■ Second, we do not find that the district court clearly abused its discretion by denying Berry's motion for a mistrial. *United States v. Seeright,* 978 F.2d 842, 849 (4th Cir.1992). The testimony to which he objected was vague and isolated, and we do not find that the district court abused its broad grant of discretion in its ruling on the matter. *United States v. Dorlouis,* 107 F.3d 248, 257 (4th Cir.1997).

■ Finally, we do not find that the district court clearly erred in its calculation of drug quantity for purposes of sentencing. *United States v. Randall,* 171 F.3d 195, 210 (4th Cir.1999); *United States*

*v. McDonald*, 61 F.3d 248, 255 (4th Cir. 1995). The amount of drugs attributable to Berry was supported by the record, *United States v. Falesbork*, 5 F.3d 715, 722 (4th Cir.1993); *United States v. Uwaeme*, 975 F.2d 1016, 1019 (4th Cir.1992), and Berry has failed to show that the information the district court considered as enumerated in the presentence report was incorrect or unreliable. *United States v. Love*, 134 F.3d 595, 606 (4th Cir.1998).

Accordingly, we affirm Berry's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*