**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clarence WRIGHT, Defendant–
Appellant.**

**No. 92–5167.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 1, 1992.

Decided March 30, 1993.

David Barr Albo, Albo & Anderson, Vienna, VA, argued, for defendant-appellant.

Ilisa Joy Rossum, Sp. Asst. U.S. Atty., argued (Richard Cullen, U.S. Atty., William Otis, Asst. U.S. Atty., Alexandria, VA, on brief), for plaintiff-appellee.

Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WIDENER and MURNAGHAN, Circuit Judges.

## OPINION

WIDENER, Circuit Judge:

The defendant, Clarence Wright, appeals the district court's refusal to dismiss his indictment. Wright argues that his indictment was returned in violation of the Speedy Trial Act, 18 U.S.C. § 3161(b). We find no error and we affirm.

Wright was arrested on August 16, 1991 for two counts of distributing and possessing with the intent to distribute five or more grams of crack cocaine under 21 U.S.C. § 841(a)(1). On August 19, 1991, Wright went before the Magistrate Judge for his F.R.Cr.P. 5 hearing (initial appearance). On the government's motion, a temporary detention order for Wright was granted by the court. A combination detention and preliminary hearing was set by the Magistrate Judge for August 20. The next day, August 20, the Magistrate Judge found that there was probable cause Wright had committed the charged offenses. The Magistrate Judge also ordered the defendant detained.[1]

On Monday, September 16, 1991, thirty-one days after he was arrested, Wright filed a pro se motion to dismiss the complaint arguing the government violated the Speedy Trial Act by not indicting him with-

---

1. The Government says the detention order on August 20th was pursuant to its motion; the defendant says that August 20th order was entered by the magistrate judge *sua sponte*. At least in part because the orders of the magistrate judge were available but not made a part of this record, the Government not having pro- duced them, the rule of lenity requires us to consider that the defendant has not been shown to have been incorrect. So we do not consider whether or not the whole two day period, August 19th and 20th is also excludable because of a pending motion under § 3161(h)(1)(F).

in the thirty-day period after arrest. The next day, Tuesday, September 17, 1991, the grand jury returned an indictment for Wright on both drug charges. On September 19, 1991, Wright's counsel filed another motion seeking to have Wright's complaint dismissed as a violation of the Speedy Trial Act.

The district court rejected Wright's motion to dismiss his indictment, finding there was not a violation of the Speedy Trial Act. The district court found that Wright's initial appearance on August 19, 1991 and his detention and preliminary hearing on August 20, 1991 were pre-trial proceedings excludable from the thirty-day computation of the Speedy Trial Act under 18 U.S.C. § 3161(h)(1). After excluding those two days from the computation, the district court held that the indictment was returned within the 18 U.S.C. § 3161(b) time period. A later October 15th motion by Wright for reconsideration of his earlier motion to dismiss (now the indictment) was denied by the district court on October 18, 1991. After a jury trial, Wright was convicted on one count of the indictment. The sole issue on appeal is whether the district court erred when it refused to dismiss Wright's indictment, returned thirty-two days after his arrest, as in violation of the Speedy Trial Act.

We review the legal conclusions in the district court's application of the Speedy Trial act *de novo.* *United States v. Ortega–Mena,* 949 F.2d 156, 158 (5th Cir.1991).

The relevant provision of the Speedy Trial Act is clear. It states that

[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. § 3161(b). Under 18 U.S.C. § 3162(a)(1), an indictment in violation of this time period must be dismissed. Wright's argument is that the thirty-two days from the time of his arrest on August 16, 1991 to the day of his indictment on September 17, 1991 is a violation of this

section and the charge should have been dismissed.

The requirement of dismissal, however, is not absolute. Section 3162(a)(1) provides:

If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) *as extended by section 3161(h) of this chapter,* such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

(emphasis added). Section 3161(h) provides for certain periods of excludable delay that extend the thirty-day period of § 3161(b). Most relevant of these tolling provisions to this case are § 3161(h)(1) and § 3161(h)(1)(F). They provide:

(h) The following periods of delay shall be excluded in computing the time within which an information or indictment must be filed, ...:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

. . . .

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; ·. . . .

Giving plain, ordinary meaning to the wording of these provisions, we are of opinion that the district court was correct when it refused to dismiss Wright's indictment by excluding both August 19th, the day of Wright's initial appearance, and August 20th, the day of Wright's preliminary and detention hearing, from the Speedy Trial thirty-day period of § 3161(b).

We are of opinion and hold that Wright's initial appearance on August 19 qualifies under § 3161(h)(1) as a "period of delay resulting from other proceedings concerning the defendant." Certainly a Rule 5 hearing is a "proceeding[ ] concerning the defendant." See *United States v. Bowers,* 834 F.2d 607, 609 (6th Cir.1987) (day of arraignment excluded); *United States v. Yunis,* 723 F.2d 795, 797 (11th Cir.1984)

(same). Moreover, the government made a motion for temporary detention at Wright's initial appearance. This motion, and its resolution by the court, also excludes August 19th under § 3161(h)(1)(F) as a "delay resulting from any pre-trial motion." See *United States v. Velasquez*, 802 F.2d 104, 105 (4th Cir.1986). See also *Yunis*, 723 F.2d at 797 (both dates on which an event occurs or a motion is filed and date on which the court disposes of the motion are excluded).

Much the same should be said for August 20th, the next day in question, and the day Wright had his combination preliminary and detention hearing. This day qualifies as an excusable delay under § 3161(h)(1). Thus, under the Speedy Trial Act, both August 19th and August 20th were excludable days because of the proceedings concerning Wright that occurred on those days and also the pretrial motion for detention made by the government and resolved by the court.[2]

We also rely on an alternate analysis which supports the holding of the district court. Because the last day of the Speedy Trial period fell on a Sunday, Federal Rule of Criminal Procedure 45(a) applied, which made Monday, September 16th, the 30th day (not counting statutory exclusions) to indict Wright.[3] *United States v. Bruckman*, 874 F.2d 57, 62 (1st Cir.1989) (Rule 45(a) applies in Speedy Trial Act claims). Counting from Monday, September 16th, if either August 19th, the day of the Rule 5 hearing, which was also the date of the government's detention motion, or August 20th, the date of the combined preliminary and detention hearing, counted as excludable time under § 3161(h), then the September 17th indictment was timely. Because we are of opinion and hold that August 19th was an excludable day because of the Rule 5 hearing under § 3161(h)(1), as well as because of the government's detention motion under § 3151(h)(1)(F); and are also of opinion and hold that August 20th was an excludable day under § 3161(h)(1) because of the preliminary and detention hearing on that day, there are two excludable days added on to September 16th, and the September 17th indictment was timely.[4]

Under any rationale we have set forth, our conclusion is the same. The indictment 32 calendar days after the defendant's arrest was not a violation of the Speedy Trial Act.

The judgment of conviction is accordingly

**AFFIRMED.**

---

2. We have also held that the excludable delays under the Speedy Trial Act are automatic. There is no need for a showing of actual delay caused by the motions or hearings—instead, "all time between the filing of a motion and the conclusion of the hearing on that motion" is excluded from the computation of the Speedy Trial time period. *United States v. Velasquez*, 802 F.2d 104, 105 (4th Cir.1986) (quoting *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986)).

3. Rule 45(a) reads:
(a) **Computation.** In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday ... in which event the period runs until the end of the next day which is not one of the aforementioned days.

4. Because the docket sheet of the district court shows that Wright's pro se motion to dismiss the complaint was filed September 16, 1991 but was not entered on the docket until September 17, 1991, we do not consider the fact that this case is very nearly on all fours with *Bruckman*. In *Bruckman*, as in this case, the motion to dismiss was filed on the last day of an extended speedy trial period brought about by Rule 45(a) on a weekend ending date. *Bruckman* held that the motion to dismiss created an excludable day. See also *United States v. Stafford*, 697 F.2d 1368, 1372 (11th Cir.1983) (motion to dismiss on Speedy Trial grounds is a motion causing excludable delay under § 3161(h)(1)(F)).