**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5211

RANDOLPH KENNEY MILAM,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-94-430-A)

Argued: May 9, 1996

Decided: September 10, 1996

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Lance Daniel Gardner, Fairfax, Virginia, for Appellant.
Bruce Carlton Swartz, Special Assistant United States Attorney,
Alexandria, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, Pat-
rick E. DeConcini, Special Assistant United States Attorney, Alexan-
dria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Defendant-appellant Randolph Kenney Milam appeals from his conviction for selling cocaine, crack cocaine, and marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) & (D). Milam asserts that the charges against him should have been dismissed because the government violated his speedy trial right when it failed to indict him within 30 days after transporting him from his arrest site to the Eastern District of Virginia. Milam also claims that the district court abused its discretion in admitting evidence of the controlled substances he allegedly sold when individuals in the chain of custody were not produced at trial because their exact identity was not certain. We affirm.

From 1991 to early 1994, Milam worked for a company that performed services at building NC-3 of the Naval Sea Systems Command in Arlington, VA. Milam came under investigation when the Naval Criminal Investigative Service (NCIS) received a report that he was involved in the distribution of narcotics at NC-3. NCIS arranged for Virginia Alcohol Beverage Control Board undercover officer James Jones to meet with Milam.

Milam was arrested on September 1, 1994 in the District of Columbia for allegedly selling drugs on four separate occasions to officer Jones. Milam allegedly sold Jones cocaine powder on November 19, 1993; marijuana on December 23, 1993; and crack cocaine on December 23, 1993 and January 10, 1994. After each buy, Jones wrote his initials on a piece of paper along with the time and date of the purchase and gave the contraband and identifying paper to Arlington County vice detective Joseph Marchi. Detective Marchi wrote his name, the date, and time on the paper also, sealed the evidence into an Arlington County Police Department package and deposited the package in the police property vault. Trial evidence showed that the

2

contraband was not opened or adulterated while in the vault. On March 25, 1994, Marchi retrieved the evidence and delivered it to NCIS agent Robert Iorio.

Iorio sealed the substances into NCIS evidence bags, initialed and dated the bags, and entered them into NCIS's own custody system that same day, March 25, 1994. The custodian who received the evidence from Iorio was investigator John Jenkins. Jenkins testified that the evidence remained in an NCIS vault and was not altered or tampered with while in his custody. Jenkins packaged, sealed, and stamped the evidence for registered mailing to the NCIS laboratory in Norfolk, VA on April 5, 1994. Once packaged, one of several secretaries in his office actually delivered the evidence to the post office for mailing. The exact identity of the secretary who delivered the sealed and stamped packages to the post office was not certain.

NCIS evidence custodian Robin Davis received the packages and secured the evidence in a vault at the Norfolk lab until it was tested by fingerprint examiner Curtis Shane and chemist Peter Ausili. The scientists testified that although each item of contraband was contained in a sealed, outer evidence bag, the inner sample bag of one item, crack cocaine, was a non-ziploc type and was not sealed. Trial testimony confirmed, however, that none of the samples were contaminated or adulterated at the NCIS lab. After testing, the sealed evidence was repackaged and returned to investigator Jenkins by registered mail. As with delivery to the post office, Jenkins testified that one of several secretaries actually signed for the registered package when it was received on July 6, 1994, although it was then brought directly to Jenkins and he alone opened it.

Following Milam's arrest on September 1, 1994, the government transported him to the Eastern District of Virginia where he arrived on September 7, 1994. On September 8, 1994, Milam had his initial appearance before a magistrate judge. On September 12, 1994, Milam appeared for a combined preliminary hearing and hearing on the government's motion for pretrial detention. A temporary detention order issued on September 13, 1994. Monday, October 10, 1994 was Columbus Day - a federal holiday - and on Tuesday, October 11, 1994, a federal grand jury handed down the four-count indictment on which Milam was tried.

Milam moved to dismiss the charges claiming that the government failed to indict him within 30 days of his arrival in the Eastern District. The district court denied the motion and denied rehearing. Ruling from the bench, the district court held that Milam's initial appearance on September 8, 1994 was excluded from the speedy trial time computation under 18 U.S.C. § 3161(h) as a proceeding concerning the defendant, hence the first day counted for speedy trial purposes was September 9, 1994. Milam's preliminary hearing on September 12, 1994 was also excluded under 18 U.S.C.§ 3161(h), thus the last day of the 30 day period in which Milam had to be indicted to comply with the speedy trial requirements was Sunday, October 9, 1994. Under Fed. R. Crim. P. 45(a), however, if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day which is not a weekend or holiday, so the court held that Milam's indictment on Tuesday, October 11, 1994, following the Monday Columbus Day holiday, was timely.

At trial, Milam objected to the admission of the drugs into evidence on the grounds that, inter alia, the particular secretaries who mailed and received the registered mail package containing the evidence were not identified, and the lab had found one inner sample bag to be unsealed. The district court sustained the objection only as to the crack contained in the unsealed inner bag and granted a judgment of acquittal as to the charges related to it. As to the other items of evidence, the court found that although the identity of the secretaries who delivered and received the packages was not certain, the fact that the evidence was at the time sealed inside registered mail packages provided adequate assurance of the integrity of the chain of custody. The jury found Milam guilty of the three remaining charges of distribution and the district court entered judgment of conviction on March 10, 1995.

We review the district court's interpretation of the Speedy Trial Act's requirements de novo. United States v. Wright, 990 F.2d 147, 148 (4th Cir. 1993). The court's decision concerning the admissibility of the drugs into evidence we review for abuse of discretion. United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982).

Milam concedes that our decision in Wright disposes of any question that his speedy trial rights were violated. He asks us to reconsider

4

that case, however, because he contends that the intent of § 3161(h) is to exclude only those proceedings that result in "an actual delay in the progress of the case," and, he claims, <u>Wright</u> fails to address whether a showing of actual delay is required. In <u>Wright</u>, on indistinguishable facts, we held that the day of the defendant's initial appearance and the day on which a combined preliminary and detention hearing were held should be excluded, under § 3161(h)(1), from the 30 day period set by § 3161(b). <u>Wright</u>, 990 F.2d at 148-49. We also held that Fed. R. Crim. P. 45(a) applied to extend the period when the 30th day fell on a Sunday. 990 F.2d at 149. As a panel, we are bound to apply <u>Wright</u>, and therefore hold that the district court did not err in concluding that Milam's indictment was timely. We note in addition that footnote 2 of the <u>Wright</u> opinion expressly rejects Milam's contention that an actual showing of delay is required before the days on which either motions are filed or hearings are held can be excluded from the speedy trial period. 990 F.2d at 149 n.2.

Milam also concedes that under our decision in <u>United States v. Howard-Arias</u>, 679 F.2d 363 (4th Cir. 1982), a "missing link [in the chain of custody] does not prevent the introduction of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material respect." <u>Howard-Arias</u>, 679 F.2d at 366. Milam argues that <u>Howard-Arias</u> is distinguishable, however, because in that case the identity of the individual in the chain of custody who did not testify at trial was certain. In <u>Howard-Arias</u> we said that the purpose of the chain-of-custody requirement is to provide "authentication testimony [that is] sufficiently complete so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." <u>Howard-Arias</u>, 679 F.2d at 366. Here, the government has presented evidence to show that both the police and the NCIS carefully adhered to routine procedures designed to ensure strict accountability and prevent tampering with the evidence. Milam, by contrast, points to no evidence that creates even a reasonable possibility that the NCIS employees who delivered and received the registered mail packages exchanged or tampered with their contents. In the absence of any such evidence, we agree with the district court that the fact that the substances were sealed inside registered mail packages when they were handled by the unidentified employees provides "sufficient proof that the evidence is

5

what it purports to be and has not been altered in any material aspect." 679 F.2d at 366.

The judgment of the district court is accordingly

AFFIRMED.

6