UNITED STATES of America,
Plaintiff–Appellee,

v.

Bobby JARRELL, Defendant–Appellant.

No. 97–4187.

United States Court of Appeals,
Fourth Circuit.

Argued April 9, 1998.

Decided June 18, 1998.

**ARGUED:** Mark Lawrence Gitomer, Cardin & Gitomer, P.A., Baltimore, Maryland, for Appellant. Richard Charles Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee.

Before MURNAGHAN, WILKINS, and HAMILTON, Circuit Judges.

Affirmed by published opinion. Judge WILKINS wrote the opinion, in which Judge MURNAGHAN and Judge HAMILTON joined.

## OPINION

WILKINS, Circuit Judge:

Bobby Jarrell appeals his conviction for conspiracy to possess with the intent to distribute marijuana, *see* 21 U.S.C.A. § 846 (West Supp.1998), arguing primarily that the district court erred in failing to dismiss the charges against him for a violation of the Speedy Trial Act of 1974 (the Speedy Trial Act or the Act), *see* 18 U.S.C.A. §§ 3161–74 (West 1985 & Supp.1998). Finding no reversible error, we affirm.

### I.

Jarrell was one of five defendants named in a superseding indictment. The last defendant to make an initial appearance in the district court did so on July 21, 1995. Three days later, another codefendant, Arnold Aguirre, moved for additional time to prepare and file pretrial motions, and on July 26 the district court granted all defendants leave to file motions past the previously set deadline of July 23. In the following months—beginning August 25—defendants filed several pretrial motions that the district court decided on February 8, 1996.

Immediately before his trial commenced on April 9, 1996, Jarrell moved to dismiss the charges against him for violation of the Speedy Trial Act. The district court denied this motion, reasoning that the additional time granted to defendants to prepare and file pretrial motions, as well as the time during which defendants' motions were pending, should not be counted in determining whether Jarrell was brought to trial within the time limitations specified by the Act. Jarrell now appeals this ruling.

### II.

In enacting the Speedy Trial Act, Congress sought to effectuate the Sixth Amendment guaranty of a speedy trial by limiting the amount of time allowed to pass between a defendant's indictment and trial. *See gener-*

*ally* H.R.Rep. No. 93–1508, at 9–12 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7401, 7402–05; *see also* S.Rep. No. 96–212, at 6 (1979). The specific provisions of the Act are the result of a congressional balancing of the interests of the public and defendants in expeditious resolution of criminal charges against the need to account for various factors that legitimately contribute to trial delays, particularly defendants' need for adequate pretrial preparation. *See* H.R.Rep. No. 93–1508, at 14–16, 21–22, *reprinted in* 1974 U.S.C.C.A.N. at 7407–09, 7414–15; *see also United States v. Rojas–Contreras,* 474 U.S. 231, 241, 106 S.Ct. 555, 88 L.Ed.2d 537 (1985) (Blackmun, J., concurring in the judgment) ("The Speedy Trial Act assures that defendants will be brought to trial quickly, but without undermining the Constitution's guarantee of effective assistance of counsel."). Accordingly, while the Speedy Trial Act entitles a defendant to be tried within 70 days of the initial appearance in district court of the last codefendant to appear, *see* 18 U.S.C.A. § 3161(c)(1); *Henderson v. United States,* 476 U.S. 321, 323 n. 2, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986), it also provides that certain "periods of delay shall be excluded ... in computing the time within which the trial ... must commence," 18 U.S.C.A. § 3161(h). In a case involving several defendants, time excludable for one defendant is excludable for all defendants. *See* 18 U.S.C.A. § 3161(h)(7); *United States v. Sarno,* 24 F.3d 618, 622 (4th Cir.1994). And, if a defendant is not tried within the 70–day period as extended by any excludable delays, upon his motion the pending charges must be dismissed. *See* 18 U.S.C.A. § 3162(a)(2).

Jarrell contends that the charges against him must be dismissed because the Government failed to bring him to trial within 70 nonexcludable days of the initial appearance of the last codefendant to appear. He does not assert that the district court improperly excluded from its speedy trial calculation the time during which his codefendants' motions were pending; but rather maintains that the court should not have excluded the additional time granted, at Aguirre's request, for the preparation and

filing of pretrial motions.[1] Whether the district court properly excluded this time is a legal question that we review de novo. *See United States v. Stoudenmire*, 74 F.3d 60, 63 (4th Cir.1996).

■ The Government offers two bases for a conclusion that the time granted by the district court for the preparation and filing of pretrial motions is excludable. First, the Government maintains that such time is automatically excludable pursuant to 18 U.S.C.A. § 3161(h)(1), which provides for the exclusion of "[a]ny period of delay resulting from ... proceedings [other than the trial] concerning the defendant" and sets forth a list of such proceedings. Pointing out that this list is illustrative, not exhaustive, the Government urges us to hold that the period of delay at issue here is excludable·under § 3161(h)(1). In support of its position, the Government points to decisions from several other circuit courts of appeals that have excluded time granted for the preparation and filing of pretrial motions pursuant to § 3161(h)(1). *See United States v. Mejia*, 82 F.3d 1032, 1035–36 (11th Cir.1996); *United States v. Lewis*, 980 F.2d 555, 564 (9th Cir.1992); *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 913–14 (10th Cir.1989) (per curiam); *United States v. Jodoin*, 672 F.2d 232, 237–38 (1st Cir.1982). However, we find this approach to be inconsistent with the language, structure, and legislative history of the Act.

■ The language and structure of the Speedy Trial Act counsel against a conclusion that extra time granted at the request of the defendant for the preparation and filing of pretrial motions falls within the automatic exclusion of § 3161(h)(1). The Government is correct, of course, that the list of proceedings giving rise to excludable delay under § 3161(h)(1) is merely illustrative. *See Mobile Materials, Inc.*, 871 F.2d at 913. But, the Government ignores the fact that Congress has already provided that "delay resulting from any pretrial motion" is excludable "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C.A. § 3161(h)(1)(F). Time allotted for the preparation of a pretrial motion "is conspicuously absent" from this provision. *United States v. Hoslett*, 998 F.2d 648, 655 (9th Cir.1993). We believe that Congress' decision not to include pretrial motion preparation time within the scope of the delay excludable under § 3161(h)(1)(F) strongly indicates that it did not intend to exclude such time under § 3161(h)(1) at all. *See Rojas–Contreras*, 474 U.S. at 239–40, 106 S.Ct. 555 (Blackmun, J., concurring in the judgment) (observing that "the Act's comprehensive list of express exclusions counsels one to read Congress' failure to exclude certain periods of time as a considered judgment that those periods are to be included in the speedy-trial calculation"); *Hoslett*, 998 F.2d at 655.[2]

The legislative history of the Act confirms that time granted for the preparation and filing of pretrial motions should not be excluded under § 3161(h)(1). In enacting the 1979 amendments to the Act, Congress made a deliberate decision not to include pretrial motion preparation time within the ambit of 18 U.S.C.A. § 3161(h)(1). *See* S.Rep. No. 96–212, at 33–34. The Senate Committee on the Judiciary concluded that excluding time for the preparation of motions would be "unreasonable," noting that such "time should not be excluded [when] the questions of law are not novel and the issues of fact [are] simple." *Id.* at 34.

1. Jarrell contends that the nonexcludable time amounts to 84 days: July 22–23 and July 27–August 24, 1995, and February 9–21 and February 28–April 8, 1996. (During the six days from February 22 to February 27, a Government motion was pending.) Because we conclude that the period of July 27–August 24, 1995 is excludable and thus that Jarrell's trial commenced within 70 nonexcludable days, we need not address the Government's arguments that the other two periods were also excludable.

2. The Government also asserts that the extra time granted by the district court for the preparation and filing of pretrial motions was excludable under § 3161(h)(1)(F) as the "disposition" of the motion requesting the additional time. This argument is patently without merit. A "disposition" is "[t]he final settlement of a matter, and with reference to decisions announced by court, [the] judge's ruling." Black's Law Dictionary 326 (Abridged 6th ed.1991). This definition clearly does not encompass the ongoing effects of a ruling by the court.

We recognize that automatically excluding additional pretrial motion preparation time granted at a defendant's request has intuitive appeal in that the defendant has brought the delay upon himself, presumably for his own tactical advantage. *Cf. Mobile Materials, Inc.*, 871 F.2d at 913–14 (observing that excluding time for the preparation of pretrial motions granted at a defendant's request allows "the defendant, the one best acquainted with the defensive strategy opposing the government's case" to determine whether to proceed to trial expeditiously or to delay the proceedings). Such an approach, however, denigrates the interest of the public by effectively allowing a defendant to relinquish his otherwise unwaivable right to a speedy trial. *See United States v. Keith*, 42 F.3d 234, 238 (4th Cir.1994) (observing that "[i]n general, a defendant cannot waive his right to a speedy trial" because "a defendant cannot waive the public's interest in a speedy trial"); *United States v. Willis*, 958 F.2d 60, 63 (5th Cir. 1992) (noting that "[a]llowing the defendant to waive the Act's provisions would compromise the public interest in speedy justice").

■ The Government also contends that the time at issue is excludable under 18 U.S.C.A. § 3161(h)(8), which provides for the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge" sua sponte or at the defendant's or the Government's request if the court grants the continuance after making an oral or written "finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C.A. § 3161(h)(8)(A). We conclude that time allowed for the preparation and filing of pretrial motions is excludable from the speedy trial calculation if granted in accordance with § 3161(h)(8).

Excluding time granted pursuant to § 3161(h)(8) for the preparation and filing of pretrial motions is consistent with the language of the Speedy Trial Act. In enumerating the factors to be considered by the district court in making its ends of justice finding, the Act indicates that a continuance under § 3161(h)(8)(A) may be proper if "the case is so unusual or so complex, due

to ... the existence of novel questions of fact or law" that strict compliance with the Act is unreasonable. 18 U.S.C.A. § 3161(h)(8)(B)(ii). Even in the absence of novel or complex questions, however, a continuance under § 3161(h)(8)(A) is proper if "necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C.A. § 3161(h)(8)(B)(iv). The granting of additional time for the preparation and filing of pretrial motions fits comfortably within the category of delays that may be "necessary for effective preparation." *Id.*

The legislative history of the 1979 amendments to the Act confirms this understanding of the statutory language. In finding that time expended preparing and filing pretrial motions should not automatically be excluded under § 3161(h)(1), the Senate Committee for the Judiciary explicitly noted that § 3161(h)(8) would provide an avenue for the exclusion of such time in certain cases. *See* S.Rep. No. 96–212, at 34. Moreover, analyzing the excludability of time granted for the preparation and filing of pretrial motions under § 3161(h)(8) corresponds with Congress' intent that requests for delays based on an asserted need for additional preparation time be balanced carefully against other speedy trial concerns such as the diligence of defense counsel, the existence of other excludable delays, and the rights of the public and the defendant to a speedy trial. *See id.* at 32. Indeed, the only alternative to our conclusion that time granted in accordance with the requirements of § 3161(h)(8) for the preparation and filing of pretrial motions is excludable from the speedy trial calculation would be a holding that pretrial motion preparation time granted at a defendant's request is never excludable. Such a holding, however, would leave district courts with the Hobson's choice of denying defense counsel additional time necessary for effective preparation or violating the Speedy Trial Act, a result wholly inconsistent with Congress' clear intent to allow district courts to be flexible in their administration of the Act. *See* H.R.Rep. No. 93–1508, at 15, *reprinted in* 1974 U.S.C.C.A.N. at 7408 ("[B]oth delay and haste in the processing of criminal cases must be avoided; neither of these tactics

inures to the benefit of the defendant, the Government, the courts nor society. The word speedy does not ... denote assembly-line justice, but efficiency in the processing of cases which is commensurate with due process.").

 Turning to the application of § 3161(h)(8) in this case, we note that there is no evidence in the record that the district court ever made the "ends of justice" finding required by § 3161(h)(8).[3] This fact does not necessarily mandate dismissal, however. *See Keith*, 42 F.3d at 239–40. Rather, we may affirm if we conclude "after a careful review of the record in its entirety, [that] the reasons underlying the ... granting of the continuance, *as agreed to by the defendant*, set forth a sufficient factual basis which would support an ends of justice finding under the Act." *Id.* at 240. This rule strikes a balance between "the interests of the public and the defendant in a speedy trial" and "the mandate of Congress that courts assume part of the responsibility in strictly complying with the Act." *Id.* Here, Aguirre requested additional time for the preparation and filing of pretrial motions because the original deadline for the filing of such motions arrived before the completion of discovery. Having reviewed the entire record, we are satisfied that a sufficient factual basis exists to support a finding that the ends of justice were served by granting additional time for the preparation and filing of pretrial motions. *See* 18 U.S.C.A. § 3161(h)(8)(B)(iv). Therefore, this time is excludable, and Jarrell's right to a speedy trial was not violated. *See Keith*, 42 F.3d at 239–40.

### III.

In sum, we conclude that additional time allowed for the preparation and filing of pretrial motions is excluded from the speedy trial calculation if granted pursuant to 18 U.S.C.A. § 3161(h)(8). And, although the district court did not make the appropriate

findings, the record supports a determination that the grant of additional time satisfied the ends of justice. Accordingly, the time was properly excluded from the speedy trial calculation. We therefore affirm.[4]

*AFFIRMED.*

---

3. The absence of such a finding is not surprising in light of the fact that the district court found the time automatically excludable under § 3161(h)(1).

4. Jarrell also argues that the district court erred in refusing to instruct the jury concerning the meaning of the term "reasonable doubt." However, this court has consistently directed district courts not to define that term. *See, e.g., United States v. Reives*, 15 F.3d 42, 44–45 (4th Cir.1994).