# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                          No. 03-4077

DAVID N. JONES,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-02-77-DKC)

Submitted: February 2, 2004

Decided: February 26, 2004

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

David P. Olslund, DAVID P. OLSLUND, P.C., Severn, Maryland, for
Appellant. Thomas M. DiBiagio, United States Attorney, Daphene R.
McFerren, Barbara S. Skalla, Assistant United States Attorneys,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

David N. Jones appeals his conviction and 210-month sentence for
one count of possession with intent to distribute fifty or more grams
of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii)
(2000); one count of possession with intent to distribute 500 or more
grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)
(2000); and four counts of distribution of five or more grams of
cocaine base, violations of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii)
(2000). Finding no error, we affirm.

First, Jones contends that the district court erred in failing to dis-
miss the charges against him because the delay between indictment
and trial violated his right to a speedy trial. *See* 18 U.S.C. § 3161
(2000) (the Speedy Trial Act). This court reviews de novo a district
court's interpretation of the Speedy Trial Act, while it reviews any
related factual findings for clear error. *United States v. Stoudenmire*,
74 F.3d 60, 63 (4th Cir. 1996). The relevant provision of the Act
states that: "[i]n any case in which a plea of not guilty is entered, the
trial of a defendant charged in an information or indictment with the
commission of an offense shall commence within seventy days from
the filing date . . . of the information or indictment." 18 U.S.C.
§ 3161(c)(1). Generally, if a defendant is not brought to trial within
seventy days, the court must dismiss the indictment on the defen-
dant's motion. 18 U.S.C. § 3162(a)(2). "The requirement of dismissal,
however, is not absolute." *United States v. Wright*, 990 F.2d 147, 148
(4th Cir. 1993) (reaching same conclusion under § 3161(b), where
indictment must be filed within thirty days of arrest).

Certain delays are excludable when computing the time within
which a defendant's trial must commence. 18 U.S.C. § 3161(h)(1)-
(9); *Wright*, 990 F.2d at 148. One of the delays excluded from the
Speedy Trial Act "clock" is any delay caused by the filing of a pretrial

motion under 18 U.S.C. § 3161(h)(1)(F). "The plain terms of the statute . . . exclude all time between the filing of and the hearing on a motion whether that hearing on a motion was prompt or not." *Henderson v. United States*, 476 U.S. 321, 326 (1986). This court has held that, in a multi-defendant case, a time period excluded for one defendant is excludable for all defendants in the same action. *United States v. Jarrell*, 147 F.3d 315, 316 (4th Cir. 1998); *United States v. Sarno*, 24 F.3d 618, 622 (4th Cir. 1994). We have reviewed the record and conclude that there was no error.

Next, Jones argues that the district court erred in not departing downward from his Sentencing Guideline range for a host of factors that he claimed took his case outside the "heartland" envisioned by the Guidelines. Jones further objects to the district court's assessment of a two-level enhancement for obstruction of justice. The district court's decision not to depart is only reviewable on appeal if the district court based its decision on a mistaken belief that it lacked legal authority to depart. *United States v. Edwards*, 188 F.3d 230, 238-39 (4th Cir. 1999). The district court's factual findings in applying the Guidelines are reviewed for clear error. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Here, the record shows that the district court understood it had discretion to depart but chose not to do so. Further, Jones's testimony at a pre-trial motion hearing and during trial amply supports the district court's finding that Jones obstructed justice. *See U.S. Sentencing Guidelines Manual*, § 3C1.1 comment (N.4(b)) (2002).

Jones also argues that the district court erred in allowing the Government to cross-examine him about prior drug offenses he committed. The district court's evidentiary rulings are reviewed for abuse of discretion. *United States v. Carter*, 300 F.3d 415, 423 (4th Cir. 2002), *cert. denied*, 537 U.S. 1187 (2003). Because Jones chose to testify, his credibility was at issue, and the Government was entitled to attack it pursuant to Fed. R. Evid. 608(b). *See also United States v. Williams*, 986 F.2d 86, 89 (4th Cir. 1993). The court did not abuse its discretion in allowing the cross-examination.

Finally, Jones contends that the district court erred in allowing the Government to introduce fingerprint evidence in its rebuttal case. The admission of rebuttal evidence is within the sound discretion of the

district court and is not reviewable on appeal absent an abuse of that discretion. *Geders v. United States*, 425 U.S. 80, 86-87 (1976); *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 791 F.2d 288, 294 (4th Cir. 1986). Again, because Jones chose to testify, he opened the door for the introduction of the rebuttal evidence, and we find that the district court did not abuse its discretion in allowing its admission.

Accordingly, we affirm Jones's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*