**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-5132**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

RAY BLANKS,

          Defendant - Appellant.

---

**No. 10-4051**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

DANNY JONES,

          Defendant - Appellant.

---

Appeals from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:08-cr-00565-RDB-1; 1:08-cr-00565-RDB-3)

---

Submitted:  June 30, 2011          Decided:  July 21, 2011

---

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Ray M. Shepard, DUANE MORRIS LLP, Baltimore, Maryland; Gerald Chester Ruter, Towson, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Peter M. Nothstein, A. David Copperthite, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Ray Blanks and Danny Jones of conspiracy to interfere with commerce by robbery and extortion, in violation of 18 U.S.C. § 1951 (2006) (counts one and two); conspiracy to possess firearms in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o) (2006) (count three); and possession of firearms in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2006) (count four). Blanks was also charged with possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006) (count five). Both Blanks and Jones received a 240-month sentence. On appeal, Blanks and Jones raise two issues: whether their rights under the Speedy Trial Act were violated and whether the district court erred in treating the brandishing of a firearm as a sentencing factor rather than as an element of the offense. Blanks separately challenges the reasonableness of his sentence. Finding no error, we affirm.

I.

This court reviews de novo a district court's interpretation of the Speedy Trial Act of 1974, while it reviews any related factual findings for clear error. United States v. Stoudenmire, 74 F.3d 60, 63 (4th Cir. 1996). The relevant provision of the Speedy Trial Act provides that in "any case in

3

which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days" from the later of (1) the filing date of the information or indictment or (2) the defendant's initial appearance before a judicial officer. 18 U.S.C. § 3161(c)(1) (2006). Generally, if a defendant is not brought to trial within seventy days, the court must dismiss the indictment on the defendant's motion. 18 U.S.C. § 3162(a)(2) (2006). "The requirement of dismissal, however, is not absolute." United States v. Wright, 990 F.2d 147, 148 (4th Cir. 1993). Certain delays are excludable when computing the time within which a defendant's trial must commence. 18 U.S.C. § 3161(h)(1)-(9) (2006); Wright, 990 F.2d at 148. One of the delays excluded from the "Speedy Trial clock" is any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). "The plain terms of the statute . . . exclude all time between the filing of and the hearing on a motion whether that hearing on a motion was prompt or not." Henderson v. United States, 476 U.S. 321, 326 (1986). This court has held that, in a multi-defendant case, a time period excluded for one defendant is excludable for all defendants in the same action. United States v. Jarrell, 147 F.3d 315, 316 (4th Cir. 1998); United States v. Sarno, 24 F.3d 618, 622 (4th Cir. 1994).

In this case, Blanks and Jones were indicted on December 9, 2008; the final defendant appeared on the indictment on December 30, 2008. The seventy-day speedy trial period began on December 30, 2008, requiring the defendants to be brought to trial on or before March 10, 2009. 18 U.S.C. § 3161(c)(1). Although trial was initially scheduled for March 9, Blanks' attorney sent a letter to the district court on January 6, 2009, indicating he was unavailable for trial that day. The district court treated the letter as a request for a continuance and, after a conference call with counsel, set a new trial date of June 29, 2009. Trial ultimately commenced on July 6, 2009.

In the interim, on February 23, 2009, the Government filed a motion for an order requiring the defendants to provide palm prints. That motion was not decided until March 26, 2009. On March 16, 2009, a third co-defendant filed two motions to suppress, and Blanks filed a motion for return of personal property. On March 30, 2009, Blanks joined in the previously filed motions to suppress and filed an additional motion to suppress statements by his co-defendants. These motions were not decided until June 23, 2009. The total number of excludable days, according to the Government, was 120, and after excluding these 120 days from the 188-day period, Blanks and Jones were tried within sixty-eight days of the final initial appearance.

5

Blanks and Jones posit two arguments in their assertion that their speedy trial rights were violated. First, relying on a Sixth Circuit decision, United States v. Tinklenberg, 579 F.3d 589 (6th Cir. 2009), they contend that, in order for the time pretrial motions remain pending to be considered excludable, the court must find that actual delay resulted from the motion. Next, they maintain that defense counsel's motion for a continuance and the court's subsequent granting of the motion were insufficient to toll the "Speedy Trial clock" because the district court did not make the appropriate findings under 18 U.S.C. § 3161(h)(7)(A) (2006). The Government responds that, under Fourth Circuit jurisprudence, "the filing of a pretrial motion creates excludable time whether or not it can be shown that proceedings relating to such a motion in fact delayed the trial." United States v. Dorlouis, 107 F.3d 248, 253 (4th Cir. 1997). Because the pretrial motions filed resulted in 120 days of excludable time bringing the time between the commencement of the Speedy Trial time and the defendants' trial to only sixty-eight days, the Government argues, the court need not reach the second issue.

The Supreme Court granted certiorari in United States v. Tinklenberg and recently held that the filing of a pretrial motion falls within the scope of § 3161(h)(1)(D)

6

irrespective of whether it actually causes, or is expected to cause, delay in starting a trial. United States v. Tinklenberg, 131 S. Ct. 2007, 2010-11 (2011). In light of this decision, we conclude there was no Speedy Trial Act violation in this case. The pretrial motions filed in this case resulted in 121 days of excludable time, see Wright, 990 F.2d at 149 (excluding both dates on which an event occurs or a motion is filed and date on which the court disposes of the motion), bringing the time between commencement of the Speedy Trial time and the trial to sixty-seven days. Accordingly, we need not address Blanks' and Jones' assertion that the delay attributable to defense counsel's request for a continuance cannot be excluded for purposes of the Speedy Trial Act.

## II.

Jones and Blanks also contend the district court impermissibly enhanced their sentences for brandishing firearms with respect to their respective § 924(c) convictions (count four). Specifically, they argue the district court improperly treated the "brandishing" of a firearm, which triggers a two-year higher mandatory minimum, as a sentencing factor instead of as an element of the offense.

The district court did not submit to the jury the question of whether a firearm was brandished in furtherance of a

crime of violence. Rather, the court made such a finding at sentencing, increasing the mandatory minimum sentence on count four from five to seven years' imprisonment. 18 U.S.C. § 924(c)(1)(A)(ii) (2006) ("[I]f the firearm is brandished, [the defendant will] be sentenced to a term of imprisonment of not less than 7 years.").

Jones and Blanks argue that the brandishing provision is an element of the offense which must be alleged in the indictment and proved to the jury. This argument is foreclosed by the Supreme Court's decision in Harris v. United States, 536 U.S. 545 (2002), in which the Court concluded that a district court's application of the seven-year mandatory minimum sentence under § 924(c)(1)(A)(ii) based on judicial fact finding did not result in a sentence above the otherwise-applicable statutory maximum and was not error. See id. at 568 (holding, post-Apprendi, that "[b]asing a 2-year increase in the defendant's minimum sentence on a judicial finding of brandishing does not evade the requirements of the Fifth and Sixth Amendments"). Blanks and Jones argue, however, that the Supreme Court's more recent decision in United States v. O'Brien, 130 S. Ct. 2169 (2010), undermines Harris. In O'Brien, the provision at issue increased the penalty if the gun used by the defendant was characterized as a machinegun. See 18 U.S.C. § 924(c)(1)(B)(ii) ("[I]f the firearm possessed by a person convicted of a

8

violation of this subsection . . . (ii) is a machinegun . . . the person shall be sentenced to a term of imprisonment of not less than 30 years."). The O'Brien Court determined that this provision was an element of the offense that must be found by a jury beyond a reasonable doubt. O'Brien, 130 S. Ct. at 2180.

However, the Supreme Court in O'Brien specifically distinguished the seven-to-thirty-year increase from the five-to-seven-year increase in Harris, noting that the increase under § 924(c)(1)(B)(ii) if the gun used was a machinegun was "not akin to the 'incremental changes in the minimum' that one would 'expect to see in provisions meant to identify matters for the sentencing judge's consideration.'" O'Brien, 130 S. Ct. at 2177 (quoting Harris, 536 U.S. at 554). Accordingly, we conclude this claim is without merit.

## III.

Blanks also argues on appeal that his sentence is procedurally and substantively unreasonable. Specifically, he claims the district court failed to make an individualized assessment based solely on the facts presented and provided an inadequate explanation for the significant upward variance from the recommended Guidelines range.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United

9

States, 552 U.S. 38, 51 (2007). In evaluating reasonableness, the court must first determine whether the district court committed any significant procedural errors in sentencing Blanks. Id.; see United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). This assessment includes determining whether the district court properly calculated Blanks' advisory Guidelines range, whether it considered the factors enumerated in 18 U.S.C. § 3553(a) (2006) and any arguments presented by the parties, whether it based the sentence on an "individualized assessment," and whether it sufficiently explained the sentence. Gall, 552 U.S. at 50-51; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Because Blanks requested a sentence within the Guidelines range, his claim of procedural error was properly preserved. This court will reverse if an abuse of discretion is found, unless the court can conclude that the error was harmless. United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010).

If the court finds no significant procedural error, it next assesses the substantive reasonableness of the sentence. Wilkinson, 590 F.3d at 269. When reviewing substantive reasonableness, the court "may consider the extent of the deviation [from the recommended Guidelines range], but must give due deference to the district court's decision that the

10

§ 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

Blanks concedes that the district court properly calculated a Guidelines range of 184 to 209 months. In considering the § 3553(a) factors, the court (1) observed this was an egregious and violent crime, noting specifically that it was a home invasion and Blanks awakened a victim by tapping a handgun on the victim's chest; (2) found a "pattern" of criminal conduct indicative of a person "who has gamed the system for a long period of time;" and (3) stated that, given the "extraordinary level of violence in this case," "the public deserved and needs protection from the acts of Blanks." The court accordingly sentenced Blanks above the Guidelines range to 240 months' imprisonment. We have reviewed the sentencing transcript and conclude the district court rendered an individualized assessment in this case, it adequately explained the upward variance, and the sentence is substantively reasonable.

Accordingly, we affirm Blanks' and Jones' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

11