**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4667**

─────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

SANCHEZ HUDSON, a/k/a Chez,

             Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:09-cr-00039-FDW-DCK-14)

─────────

Submitted:  October 27, 2011          Decided:  January 23, 2012

─────────

Before KING, AGEE, and DIAZ, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Paul K. Sun, Jr., ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Sanchez Hudson was convicted of one count of conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841, 846, 851 (2006), and sentenced to 384 months' imprisonment. Hudson argues that the district court erred in (1) denying his motion to dismiss under the Speedy Trial Act, (2) admitting evidence of his prior bad acts and (3) permitting a testifying law enforcement officer to remain in the courtroom throughout the trial. He also claims the evidence was insufficient to support the conviction. In addition, Hudson contends there were several errors at sentencing. Finding no error, we affirm.

This court reviews de novo a district court's interpretation of the Speedy Trial Act, while it reviews any related factual findings for clear error. United States v. Stoudenmire, 74 F.3d 60, 63 (4th Cir. 1996). The relevant provision of the Act provides that in "any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days" from the later of (1) the filing date of the information or indictment or (2) the defendant's initial appearance before a judicial officer. 18 U.S.C.A. § 3161(c)(1) (West 2000 & Supp. 2011). Generally, if a defendant is not brought to trial within seventy days, the court must dismiss the indictment on the defendant's motion. 18

U.S.C. § 3162(a)(2) (2006). "The requirement of dismissal, however, is not absolute." United States v. Wright, 990 F.2d 147, 148 (4th Cir. 1993). Certain delays are excludable when computing the time within which a defendant's trial must commence. 18 U.S.C.A. § 3161(h)(1)-(8); Wright, 990 F.2d at 148. One of the delays excluded from the "speedy trial clock" is any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" 18 U.S.C. § 3161(h)(1)(D). "The plain terms of the statute . . . exclude all time between the filing of and the hearing on a motion whether that hearing was prompt or not." Henderson v. United States, 476 U.S. 321, 326 (1986). This court has held that, in a multi-defendant case, a time period excluded for one defendant is excludable for all defendants in the same action. United States v. Jarrell, 147 F.3d 315, 316 (4th Cir. 1998); United States v. Sarno, 24 F.3d 618, 622 (4th Cir. 1994).

Based on numerous pre-trial motions filed by Hudson and his co-defendants, we find that Hudson's speedy trial clock had not completely run when counsel filed a motion for a continuance on June 3, 2009. We further note that the district court specifically found that counsel needed the continuance to prepare for trial. This is a permissible factor for the court to consider when deciding whether to grant a continuance beyond

3

the seventy day period. See 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the district court did not err in denying the motion to dismiss.

Hudson also claims the district court erred in admitting as intrinsic evidence testimony from some of Hudson's co-conspirators regarding drug transactions that occurred prior to the beginning date of the conspiracy as charged in the indictment. He contends the court should have analyzed the proposed testimony under Rule 404(b) of the Federal Rules of Evidence and given the jury a limiting instruction.

The district court's admission of evidence is reviewed for abuse of discretion. United States v. Lighty, 616 F.3d 321, 351 (4th Cir.), cert. denied, __ S. Ct. __ (Oct. 17, 2011) (No. 10-1010, 10A443). A district court "abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion or relies on erroneous factual or legal premises." United States v. Malloy, 568 F.3d 166, 177 (4th Cir. 2009) (internal quotation marks and citation omitted). Rule 404(b) of the Federal Rules of Evidence prohibits the admission of other wrongs or bad acts solely to prove a defendant's bad character. This rule only applies to acts extrinsic to the crime charged. United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009). Acts intrinsic to the crime are not subject to Rule 404's

4

restrictions.  Id.  "Evidence of uncharged conduct is not other crimes evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial."  Id. (internal quotation marks).  We have also held that "[o]ther criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged."  United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996).  In other words, "[e]vidence is intrinsic if it is necessary to provide context relevant to the criminal charges."  Basham, 561 F.3d at 326 (internal quotation marks omitted).

The district court did not abuse its discretion in ruling that evidence of prior crack cocaine transactions with co-conspirators was intrinsic to the charged offense.  Contrary to Hudson's argument, not all pre-conspiracy drug transactions need to be treated as extrinsic to the charged conspiracy.  In United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994), we noted that it would be error to assume that all evidence that falls outside the charged conspiracy would be "other crimes" evidence.  In Kennedy, we concluded that evidence of prior drug transactions with persons not charged in the indictment was necessary predicate evidence establishing the context for the

charged conspiracy. In the case before us, the challenged testimony showed when the participants first started working together, what roles they had in the conspiracy and how typical transactions were first executed. This evidence provided context for the jury to better understand the nature of the conspiracy. See, e.g., United States v. Lokey, 945 F.2d 825, 834 (5th Cir. 1991) (evidence of drug deals consummated prior to the charged conspiracy was not extrinsic because it showed how the conspiracy came about, how it was structured and how the defendant became a member); United States v. Torres, 519 F.2d 723, 727 (2d Cir. 1975) (evidence showing background and development of a conspiracy that predates the charges in the indictment is admissible).

Hudson further contends that the evidence was not admissible under Rule 403 because the probative value was substantially outweighed by the danger of unfair prejudice. While the evidence may have been prejudicial, it was not unfairly so, as it described events similar to those events that occurred during the course of the conspiracy. The jury did not hear intrinsic evidence that was not typical of the type of evidence that is necessary to show a drug conspiracy. We further note that the jury was instructed that in order to find Hudson guilty of the conspiracy, it had to find beyond a reasonable doubt that two or more persons entered into an

6

unlawful agreement that existed at the time alleged in the indictment. Accordingly, we discern no error in the district court's decision to admit this evidence.

Hudson raises two points of error related to the district court's decision to allow a testifying witness to remain in the courtroom during the trial. Prior to trial, the Government gave notice under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, that it intended to offer Detective Eric Duft of the Charlotte Mecklenburg Police Department and the Drug Enforcement Administration's Task Force, as an expert "regarding methods, techniques, tools, distribution methods, and common code and slang language utilized by individuals involved in narcotics trafficking." The notice provided a detailed description of Duft's qualifications and indicated that Duft would give an opinion regarding quantities of cocaine and crack cocaine typically possessed by users versus the quantities possessed by distributors. It also indicated that Duft would testify as to the tools of the drug trade, including the use of multiple cell phones, phones subscribed to other persons, common concealment methods and modes of distribution and transportation.

Hudson argues that the Government's Rule 16 notice was inadequate because the notice did not contain a written summary describing Duft's opinions and the bases and reasons for those

7

opinions. Under Rule 16(a)(1)(G), "[a]t the defendant's request, the government must give to the defendant a written summary of any [expert] testimony that the government intends to use[.]" In this instance, Hudson did not request a written summary. Accordingly, we conclude there was no error in this regard. See United States v. Garza, 566 F.3d 1194, 1199-200 (10th Cir. 2009) (right to pre-trial notice not violated if defendant did not make a request for such notice); United States v. Johnson, 228 F.3d 920, 924 (8th Cir. 2000) (notice required only if defendant makes a request).

In addition, Hudson argues that the district court erred by permitting Duft to sit through the trial prior to his testimony. Under Fed. R. Evid. 615, the district court "must order witnesses excluded" if requested by one of the parties, "[o]r the court may do so on its own." A witness may remain if it shown that their "presence . . . [is] essential to presenting the party's claim or defense." Id. A court's decision to permit a witness to remain during trial despite a request otherwise is reviewed for abuse of discretion. See Cooper v. United States, 594 F.2d 12, 14 (4th Cir. 1979), abrogated on other grounds, Mabry v. Johnson, 467 U.S. 504 (1984).

We review for plain error because Hudson never requested that the district court sequester Duft. In order to satisfy the plain error standard Hudson must show: (1) an error

8

was made; (2) the error is plain; and (3) the error affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). We conclude that there was no error and that the district court did not abuse its discretion in allowing Duft to stay in the courtroom during the trial.[*]

Hudson also argues that the "cumulative effect" of the evidentiary errors was unfairly prejudicial. Basham, 561 F.3d at 330. Based on our conclusions regarding Hudson's evidentiary challenges, however, his "cumulative effect" argument is without merit.

Next, Hudson contends the evidence was insufficient to support the conviction based on his assertion that the testifying co-defendants were not credible and there was no evidence that he had anything more than a buyer/seller relationship with the drug dealers.

---

[*] In his reply brief, Hudson argues for the first time that Duft's testimony was inadmissible as a lay witness providing opinion testimony, citing United States v. Johnson, 617 F.3d 286 (4th Cir. 2010). Because Hudson did not raise this issue in his initial brief, this court will not consider it. See United States v. Brooks, 524 F.3d 549, 556 n.11 (4th Cir. 2008). In any event, we note that even if Duft's testimony was improperly admitted, any error was harmless. See United States v. Curbelo, 343 F.3d 273, 278 (4th Cir. 2003) ("[F]or nonconstitutional errors, the Government must demonstrate that the error did not have a substantial and injurious effect or influence in determining the jury's verdict.") (internal quotation marks and citation omitted). Based on the collective testimony of Hudson's co-defendants, we find that Duft's testimony did not substantially influence the jury's verdict.

9

"A defendant challenging the sufficiency of the evidence faces a heavy burden."  United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).  This court reviews a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  Id.  The court reviews both direct and circumstantial evidence, and gives the Government all reasonable inferences from the facts.  United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).  We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

To support Hudson's conviction for conspiracy to distribute and to possess with intent to distribute drugs, the Government had to prove beyond a reasonable doubt:  "(1) that [Hudson] entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. §[] 841(a)(1) . . .; (2) that [he] had *knowledge* of that conspiracy; and (3) that [he] *knowingly and voluntarily* participated in the conspiracy." United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007).

In United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008), we held that "[e]vidence of a buy-sell transaction coupled with a substantial quantity of drugs, would support a

10

reasonable inference that the parties were coconspirators." (internal quotation marks and alteration omitted). Similarly, continued relationships and repeated drug transactions between parties are indicative of a conspiracy, particularly when the transactions involve substantial amounts of drugs. Id. The trial testimony showed that Hudson purchased substantial amounts of crack cocaine and was later observed selling crack cocaine to street level users. Clearly, the evidence supported the finding that Hudson was part of a larger conspiracy to sell crack cocaine in his area.

Insofar as Hudson contends the evidence was not credible, we note that credibility determinations are within the sole province of the jury and are not reviewable. See United States v. Kelly, 592 F.3d 586, 594 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). Hudson fails to show how the relevant testimony was not believable.

Hudson next raises five challenges to his sentence. He contends that the district court erred in finding that he was responsible for 4.5 kilograms of crack cocaine for sentencing purposes. This court reviews a drug quantity finding for clear error. United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009). Under the clear error standard of review, this court will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Jeffers,

11

570 F.3d 557, 570 (4th Cir. 2009) (internal quotation marks and citation omitted). At sentencing, the Government need only establish the amount of drugs involved by a preponderance of the evidence. Id. Based on our review of the record, we conclude that the court did not err in this instance.

Hudson also contends the enhancement to his Guidelines offense level for obstruction of justice was in error. According to U.S. Sentencing Guidelines Manual § 3C1.1 (2009), a defendant's base offense level is increased two levels for obstruction of justice if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (A) the defendant's offense of conviction . . .; or (B) a closely related offense[.]" USSG § 3C1.1. The application notes for § 3C1.1 specifically include the commission of perjury by a defendant as grounds for the enhancement. See USSG § 3C1.1 cmt. n.4(b). For purposes of § 3C1.1, the Supreme Court has defined perjury in the following manner: "[a] witness testifying under oath or affirmation" who gives "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993).

12

The district court did not err in finding Hudson committed perjury during one of his co-conspirator's trial. The district court noted five specific instances where Hudson perjured himself and added that the court was an "eyewitness" to the perjury. Several of Hudson's statements—relating to the credibility of Hudson's co-defendants, the terminology used to describe crack, and the amount of crack typical of a user versus a distributor—were clearly intended to draw the jury's attention away from evidence that showed that Hudson bought crack cocaine for the purpose of distribution. Moreover, the court found specifically that Hudson had done more than merely misspeak and at sentencing, the government explained why the perjured statements were material. Accordingly, the court did not err in applying the enhancement.

Hudson notes that the Sentencing Guidelines were amended just two months after sentencing to reflect the statutory amendments brought about by the Fair Sentencing Act. He contends that the amendments to the Guidelines would have lowered his Guidelines sentence. We conclude, however, that the district court did not err by applying the Guidelines in effect on the date of Hudson's sentencing. See USSG § 1B1.11(a). We note that our decision is without prejudice to Hudson's right to pursue a sentence reduction in the district court pursuant to 18 U.S.C. § 3582(c)(2).

13

Hudson also contends under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) that the district court erred by enhancing his statutory sentence based on the Government's 18 U.S.C. § 851 (2006) notice, indicating Hudson had a prior felony drug conviction. As the court noted at sentencing, Hudson's argument is moot. Hudson's Guidelines sentence was so high that his statutory minimum sentence, with or without the § 851 notice, had no effect on his sentence.

Hudson's 384 month sentence was within the advisory Guidelines. Hudson contends, however, the sentence is too long when compared to sentences received by his co-defendants. He also contends that it was unreasonable for someone who was not a major drug trafficker to receive such a lengthy sentence. A sentence within the Guidelines is presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). The district court informed Hudson why it was inappropriate to compare Hudson's sentence to the sentence received by some of his co-defendants. The court noted that some of Hudson's co-defendants received more favorable sentences because they pled guilty and/or cooperated with law enforcement. In addition, Hudson's sentence was within the Guidelines, which was based on the quantity of drugs Hudson was found responsible for during the course of the conspiracy, his perjury and his extensive criminal history. Hudson fails to overcome the

14

presumption of reasonableness for his within-Guidelines sentence.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>