**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 02-4511**

———————————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

  versus

JONATHAN JIMENEZ,

           Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (CR-01-58)

———————————

Submitted: May 31, 2005        Decided: July 28, 2005

———————————

Before KING, GREGORY, and SHEDD, Circuit Judges.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

Russell N. Allen, Richmond, Virginia; B. Alan Seidler, LAW OFFICE OF B. ALAN SEIDLER, New York, New York, for Appellant. John L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jonathan Jimenez was convicted by a jury of conspiracy to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000), and sentenced to life imprisonment. Jimenez appeals, claiming that his rights under the Speedy Trial Act were violated, the evidence was insufficient to support his conviction, and that the district court erred at sentencing in determining the amount of drugs attributable to him and in increasing his offense level for his role in offense. Jimenez also contends that his sentence must be vacated under United States v. Booker, 125 S. Ct. 738 (2005), because the district court, treating the United States Sentencing Guidelines as mandatory, impermissibly applied certain offense-level enhancements based on judge-found facts. Because we conclude that re-sentencing is warranted under Booker, we need not address Jimenez's challenges to the district court's application of the Guidelines provisions. United States v. Hughes, 401 F.3d 540, 556 n.15 (4th Cir. 2005). For the reasons that follow, we affirm Jimenez's conviction, vacate his sentence, and remand for resentencing.

Jimenez first argues that his rights under the Speedy Trial Act (STA), 18 U.S.C. § 3161 (2000), were violated because his trial failed to commence within seventy days of his first court appearance. The time that Jimenez's co-defendant's motions for continuance were pending is excluded from the STA computation for

- 2 -

all defendants in the same action.  18 U.S.C. 3161(h)(1)(F); <u>United States v. Jarrell</u>, 147 F.3d 315, 316 (4th Cir. 1998).  In addition, the list of periods of delay that are excluded for purposes of speedy trial calculations includes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(8)(A).  Here, in both orders granting the motions for continuance, the district court specifically found that "the ends of justice served by the granting of a continuance outweigh the best interest of the public and the defendants in a speedy trial."  Therefore, we find that Jimenez's rights under the Speedy Trial Act were not violated.

Next, Jimenez asserts that the evidence presented at trial was insufficient to support his conviction.  The evidence, viewed in the light most favorable to the government, <u>see</u> <u>United States v. Burgos</u>, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), established the following.  In the Spring of 1999, the RUSH Drug Task Force, comprised of the Harrisonburg Police Department, Rockingham County Sheriff's Department, the Virginia State Police, and the United States Drug Enforcement Agency, uncovered a large cocaine trafficking conspiracy operating in Harrisonburg, Virginia. Jimenez was one of the leaders of a group of crack distributors in

and around Harrisonburg, Virginia, who called themselves "the boys." Sergeant Shane Brown of the Harrisonburg Police Department testified that, as part of an investigation into organized drug trafficking in Harrisonburg, he supervised three controlled purchases of crack cocaine from Jimenez in 2000 and 2001. Pedro Guerrero testified that he served as a "runner" for Jimenez beginning in 2000. According to Guerrero, Jimenez traveled to New York "every two weeks" to purchase powder cocaine which he would "cook" into crack upon his return to Harrisonburg. Guerrero accompanied Jimenez to New York "at least twice".

Robinson de la Cruz testified that he sold crack for Jimenez and accompanied Jimenez to New York to purchase cocaine "a few times." De la Cruz stated that Jimenez would purchase "maybe an ounce at most" on his trips to New York. De la Cruz stated that Izelle Frye ("Zeek") worked for Jimenez, selling crack out of an Economy Inn. Mike Eshbaugh testified that he purchased crack from Jimenez "500, 1,000" times and that Jimenez was part of a group of individuals—including several named co-conspirators—from whom he routinely purchased crack cocaine.

We find that this evidence sufficiently established each of the elements necessary to support Jimenez's conviction for conspiring to distribute crack cocaine. Glasser v. United States, 315 U.S. 60, 80 (1942); Burgos, 94 F.3d at 857. As to Jimenez's argument challenging the credibility of the Government's witnesses,

it is well established that the question of witness credibility is within the sole province of the jury and not susceptible to review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Moreover, the potential biases of each of the Government's witnesses were fully explored during direct and cross examination.

Finally, Jimenez challenges his sentence under Booker. At sentencing, the district court attributed 12 kilograms of crack cocaine to Jimenez, resulting in a base offense level of 38. The court also gave Jimenez a four-level enhancement for his role in the offense, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(a). Based on a total offense level of 46[1] and a criminal history category of I, the resulting guideline range was life imprisonment, which the court imposed. In contrast, the base offense level for the amount of crack charged in the indictment (fifty grams) would have been 32; without applying any other enhancements, Jimenez's guideline range would have been 97-121 months imprisonment.

Although Jimenez did not raise a Sixth Amendment challenge at sentencing, this court has held that a mandatory enhancement based on judicial factfinding supported by a preponderance of the evidence constitutes plain error warranting

---

[1]The district court also applied a two-level enhancement under USSG § 2D1.1(b)(1) based on its finding that Jimenez traded crack for a handgun on three occasions and also a two-level enhancement for obstruction of justice under USSG § 3C1.1. Jimenez does not challenge these enhancements.

correction. <u>United States v. Hughes</u>, 401 F.3d at 547-48 (citing <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993)).

In light of <u>Booker</u> and <u>Hughes</u>, we find that the district court plainly erred in sentencing Jimenez.[2]  Therefore, we vacate his sentence and remand for proceedings consistent with <u>Hughes</u>.  In light of this disposition, we deny Jimenez's motion to file a pro se supplemental brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED  IN PART AND REMANDED</u>

---

[2]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n. 4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Jimenez's sentencing. <u>See</u> <u>generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").