**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5052**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JONATHAN JIMENEZ,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (5:01-cr-30058-SGW)

———————

Submitted: June 29, 2007          Decided: July 25, 2007

———————

Before KING, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

R. Darren Bostic, BOSTIC & BOSTIC, P.C., Harrisonburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Jonathan Jimenez was convicted by a jury of conspiracy to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000), and sentenced to life imprisonment. We affirmed Jimenez's conviction but vacated his sentence and remanded for re-sentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Jimenez, No. 02-4511 (4th Cir. July 28, 2005) (unpublished).

On remand, the district court conducted a re-sentencing hearing and determined that Jimenez's total offense level remained at 43; with a criminal history category I, the resulting guideline range remained at life imprisonment. After considering the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), the district court imposed a below-guidelines sentence of 360 months imprisonment. Jimenez noted a timely appeal.

Jimenez claims, first, that the district court erred in attributing to him over 1.5 kilograms of crack. Jimenez also asserts that the probation officer derived the quantity of crack cocaine from a "guess" after hearing testimony and speaking to an investigator.

We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. See United States v. Tucker, 473 F.3d 556, 560 (4th Cir. 2007) (stating standard of review); United

- 2 -

States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). In calculating drug amounts, the district court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its accuracy. United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992).

Here, the probation officer based her calculation on the testimony of a number of witnesses and on her own interviews. Specifically, at Jimenez's trial, the evidence established that the co-conspirators purchased one kilogram of powder cocaine each week in New York and transported it to Virginia, where it would be processed into crack cocaine, for a total of fifty-two kilograms over the period charged in the indictment. According to one witness, Jimenez traveled to New York every two weeks to purchase powder cocaine, in quantities of no less than 1000 grams, that he would then "cook" into crack upon his return to Harrisonburg. Based on this and other testimony, the probation officer stated that her estimate of twelve kilograms was extremely conservative. Based on this evidence, we find that the district court did not clearly err in finding that Jimenez was responsible for more than 1.5 kilograms of crack cocaine. To the extent that Jimenez challenges the probation officer's reliance on the testimony of co-conspirators and drug users, it is well established that the question of witness credibility is within the sole province of the

jury and not susceptible to review.  United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Next, Jimenez challenges the four-level enhancement he received for being a leader or organizer of the conspiracy.  See U.S. Sentencing Guidelines Manual § 3B1.1(a) (2001).  A district court's determination of the defendant's role in the offense is reviewed for clear error.  United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002).

To qualify for a four-level increase under § 3B1.1(a), a defendant must have been "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  Here, the testimony established that Jimenez supervised at least six individuals in the distribution of crack cocaine in the Harrisonburg area and maintained two apartments and multiple vehicles to assist in distribution efforts.  We find no clear error in the district court's application of the four-level enhancement for Jimenez's leadership role.

Next, Jimenez asserts that the presumption of reasonableness accorded by this court to sentences within the sentencing guidelines range renders the guidelines "effectively mandatory."  Contrary to his assertion, however, the district court here clearly recognized and exercised its discretion to impose a sentence outside of the guidelines range, and in fact did so.  Accordingly, this claim fails as well.

Finally, Jimenez argues that he should be sentenced under the penalties applicable to powder cocaine rather than crack cocaine. However, this court has rejected Jimenez's argument that the increased punishment for crack may be ignored. See United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (finding that district court's rejection of 100:1 crack to powder cocaine ratio is unreasonable and "impermissibly usurps Congress's judgment about the proper sentencing policy for cocaine offenses") (internal quotation marks and citation omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. June 20, 2006) (No. 05-11659).

Accordingly, we affirm Jimenez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED