UNITED STATES of America, Plaintiff–Appellee,

v.

Brenden Joseph SKANES, Defendant–Appellant.

No. 93–2218.

United States Court of Appeals, Eleventh Circuit.

March 25, 1994.

* Judges Susan H. Black and Ed Carnes have recused themselves and will not participate.

Stephen S. Dobson, III, Tallahassee, FL, for defendant-appellant.

Audrey Butler, Asst. U.S. Atty., Tallahassee, FL, for plaintiff-appellee.

Before KRAVITCH and COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

The Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* (1988), provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested." 18 U.S.C. § 3161(b). The issue in this case is whether the first day of the thirty-day period for filing charges is the day of an individual's arrest or the day after his or her arrest. Brenden Joseph Skanes appeals the district court's denial of his motion to dismiss the charges filed against him as untimely under the Speedy Trial Act. We AFFIRM the district court and conclude that because day one of the thirty-day period is the day after an individual's arrest, the charges against appellant were filed in compliance with the Speedy Trial Act.

Appellant was arrested by federal authorities on September 29, 1992, for passing counterfeit notes.[1] On October 29, the government filed an information against appellant. Appellant moved for the case to be dismissed on speedy trial grounds, arguing that the charges were filed more than thirty days after his arrest. The district court denied appellant's motion. That same day, the government moved to dismiss the information and subsequently indicted appellant. Appellant pled guilty to the indictment, conditioned upon his right to challenge the district court's denial of his motion to dismiss.

Appellant contends that because he was arrested on September 29, and the speedy trial clock began to run on that date, thirty-one days had passed by the time the government filed charges on October 29. The government argues that the day after appellant's arrest was the first day of the thirty-day period, making the October 29 charges timely.

The day of a defendant's arrest is not counted for the purpose of determining the time allowed for filing of an indictment or information. Rather, "[w]e count thirty days from the day of the arrest, excluding the day of the arrest itself." *United States v. Bergouignan,* 764 F.2d 1503, 1506 n. 5 (11th Cir.1985), *cert. denied* 484 U.S. 1044, 108 S.Ct. 778, 98 L.Ed.2d 864 (1988). In calculating the seventy-day speedy trial period between indictment and trial, we have similarly excluded the day of the triggering

---

1. Appellant was arrested on these charges by state authorities on September 16 and held in state custody. A federal arrest warrant was subsequently issued and lodged with the state authorities as a detainer. It was not until appellant was taken into federal custody, on September 29, however, that the time constraints of the Speedy Trial Act were triggered. *See United States v. Shahryar,* 719 F.2d 1522, 1524–25 (11th Cir. 1983).

**1354**

event. *See United States v. Campbell,* 706 F.2d 1138, 1139 (11th Cir.1983); *United States v. Severdija,* 723 F.2d 791, 793 (11th Cir.1984).

In stating that the charging papers must be filed thirty days from the date of the arrest, the plain language of the statute gives the government thirty days after the defendant's arrest to file charges. If the statute stated that an indictment must be filed one day from the defendant's arrest, it would be apparent that the charges had to be filed the day after the arrest and not on the day of the arrest. Similarly, because the statute states that charges must be filed thirty days from the arrest, the government had thirty days after appellant's September 29 arrest to file charges and the October 29 information was within the timetable of the Speedy Trial Act.[2]

Any doubt as to whether to count the day of arrest in computing the speedy trial calendar is put to rest by Fed.R.Crim.P. 45 which states: "In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included." Here appellant's arrest is the event that triggered the running of the thirty-day clock and should not be counted. Several circuits have used Rule 45 in interpreting other provisions of the Speedy Trial Act, *see United States v. Wright,* 990 F.2d 147, 149 (4th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 199, 126 L.Ed.2d 157 (1993); *United States v. Johnson,* 953 F.2d 1167, 1172 (9th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 226, 121 L.Ed.2d 163 (1992); *United States v. Vickerage,* 921 F.2d 143, 147 (8th Cir.1990); *United States v. Bruckman,* 874 F.2d 57, 62 (1st Cir.1989), and we see no reason that Rule 45 should not apply here.

We therefore AFFIRM the conclusion of the district court, that the government did not violate the Speedy Trial Act in charging appellant.

---

**2.** The subsequent indictment of appellant was timely as well. When the government moved to dismiss the initial information filed against appellant, the speedy-trial clock paused. *See* 18 U.S.C. § 3161(h)(6).