[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16386
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 07-90025-CV-CDL-4,
06-00004-CR-CDL-4

MARK ANTHONY BRAMLETT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 13, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Mark Anthony Bramlett, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction. After review, we affirm.

## I. BACKGROUND

Bramlett filed his § 2255 motion, alleging, inter alia, that his trial counsel was ineffective for not moving to dismiss Bramlett's indictment under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., which requires trial within 70 days of indictment or arraignment. Thus, we first recount the timeline in Bramlett's case.

### A. Timeline

On February 22, 2006, Bramlett was indicted on charges of (1) possessing with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Bramlett was arraigned on March 27, 2006. On May 18, 2006, Bramlett filed a motion to suppress evidence. The district court conducted a hearing on the motion to suppress on August 14, 2006, and denied the motion that same day.

Jury selection in Bramlett's trial began on Tuesday, September 5, 2006, which was the day after Labor Day. The jury convicted Bramlett of the methamphetamine charge, and the firearm charge was dismissed on the

government's motion. The district court sentenced Bramlett to 121 months' imprisonment. Bramlett appealed his conviction, and this Court affirmed. United States v. Bramlett, 232 F. App'x 940 (11th Cir. 2007) (unpublished).

## B.    Bramlett's Motion

On December 5, 2007, Bramlett filed his § 2255 motion. The magistrate judge held an evidentiary hearing, at which Bramlett's trial counsel testified he did not recall calculating the speedy trial timeframe in Bramlett's case and was unaware of whether the Speedy Trial Act's requirements were violated.

The magistrate judge issued a report recommending the district court deny Bramlett's § 2255 motion. The magistrate judge's report calculated that the 70-day Speedy Trial Act period expired September 1, 2006, and therefore found that Bramlett's trial was commenced outside the 70-day statutory period. Nevertheless, the report concluded that, under the circumstances, Bramlett could not show that his counsel's failure to move to dismiss the indictment on speedy trial grounds (1) was constitutionally deficient performance, or (2) prejudiced Bramlett.

The district court adopted the magistrate judge's report and denied Bramlett's § 2255 motion. The district court denied Bramlett's subsequent motion for a certificate of appealability ("COA"). This Court granted Bramlett a COA on this issue only: "Whether the district court erred in determining that trial counsel

3

was not constitutionally ineffective for failing to seek dismissal of the criminal indictment against the appellant under the terms of the Speedy Trial Act."[1]

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). A court need not address both prongs of the Strickland test if the defendant makes an insufficient showing as to either prong.[2] See Dingle v. Sec'y for the Dep't of Corr., 480 F.3d 1092, 1100 (11th Cir. 2007).

A defendant cannot establish deficient performance unless he shows "that his counsel's conduct fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." Reed v.

---

[1]On appeal, Bramlett argues that the district court erred in not addressing all his habeas corpus claims and in rejecting his contention that the government waived its opportunity to respond to his speedy-trial ineffectiveness claim. We do not consider those arguments, as they are outside the scope of the COA. See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) ("[I]n an apeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA.").

[2]In an appeal from the denial of a § 2255 motion, this Court reviews a district court's legal conclusions de novo and its factual findings for clear error. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008). Ineffective assistance of counsel claims present "a mixed question of law and fact that we review de novo." Id.

Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010), cert. denied, —

S. Ct. —, 2010 WL 2345388, No. 09-11314 (U.S. Oct. 4, 2010) (quotation marks

omitted). To be objectively unreasonable, the performance must be such that "no

competent counsel would have taken the action that [the defendant's] counsel did

take." Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis

omitted).

As to the prejudice prong, the test is whether "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Reed, 593 F.3d at 1240 (quotation marks

omitted).

**B.      Speedy Trial Act**

The Speedy Trial Act requires that a federal criminal defendant be tried

within 70 days of the filing of an indictment against him or his arraignment,

whichever is later. 18 U.S.C. § 3161(c)(1). The statute excludes from the 70-day

calculation certain periods of delay, including the "delay resulting from any pretrial

motion, from the filing of the motion through the conclusion of the hearing on, or

other prompt disposition of, such motion." Id. § 3161(h)(1)(D). The date on

which an event occurs, including the date of arraignment, the date a pretrial motion

is filed, and the date a pretrial motion is resolved, is not counted in calculating the

5

statutory period. United States v. Jones, 601 F.3d 1247, 1255 (11th Cir. 2010);

United States v. Yunis, 723 F.2d 795, 797 (11th Cir. 1984). "[F]or purposes of the

[Speedy Trial] Act, a jury trial commences when the court begins the voir dire."

United States v. Gonzalez, 671 F.2d 441, 443 (11th Cir. 1982) (quotation marks

omitted).

If a defendant is not brought to trial within the 70-day period, the defendant

may move to dismiss the indictment, and the district must grant that motion and

dismiss the indictment. 18 U.S.C. § 3162(a)(2). But that dismissal can be either

with or without prejudice. Zedner v. United States, 547 U.S. 489, 499, 126 S. Ct.

1976, 1984 (2006) ("If a trial does not begin on time, the defendant may move,

before the start of trial or the entry of a guilty plea, to dismiss the charges, and if a

meritorious and timely motion to dismiss is filed, the district court must dismiss

the charges, though it may choose whether to dismiss with or without prejudice.").

In making that choice, the district court must consider several factors:

> In determining whether to dismiss the case with or without prejudice,
> the court shall consider, among others, each of the following factors:
> the seriousness of the offense; the facts and circumstances of the case
> which led to the dismissal; and the impact of a reprosecution on the
> administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2).[3] "Where the defendant is charged with a serious crime, the

_____

[3]"When an indictment is dismissed without prejudice, the prosecutor may of course seek–
and in the great majority of cases will be able to obtain–a new indictment, for even if 'the period

6

delay was minor, the defendant suffered no prejudice from the delay, and the government did not actively seek delay, dismissal should be without prejudice." Jones, 601 F.3d at 1257.

## C.   Bramlett's Claim

Our first step in resolving Bramlett's claim – that his trial counsel was ineffective for not moving to dismiss for a Speedy Trial Act violation – is to perform the speedy trial calculation.  Bramlett's speedy trial clock began to run on March 28, 2006, the day after his arraignment.  See 18 U.S.C. § 3161(c)(1); Yunis, 723 F.2d at 797 (stating the arraignment date is excluded).  The clock ran until May 17, 2006, the day before Bramlett filed his motion to suppress, for a total of 51 days.  See Jones, 601 F.3d at 1255 (stating the date on which a pretrial motion is filed is excluded).

The clock began to run again on August 15, 2006, the day after the district court denied Bramlett's motion to suppress.  See id. (the date the court disposes of a pretrial motion is excluded).  Thus, day 70 of Bramlett's speedy trial period fell on Saturday, September 2, 2006.[4]

---

prescribed by the applicable statute of limitations has expired, a new indictment may be returned . . . within six calendar months of the date of the dismissal.' [18 U.S.C.] § 3288." Zedner, 547 U.S. at 499, 126 S. Ct. at 1985 (omission in original).

[4]The district court, in concluding that Bramlett's speedy trial period expired on September 1, 2006, failed to exclude the day on which Bramlett filed his motion to suppress.

7

The Speedy Trial Act requires that a defendant's trial begin by the seventieth countable day. 18 U.S.C. § 3161(c)(1). Here, however, day 70 fell on a Saturday. Under Federal Rule of Criminal Procedure 45(a), which governs the computation of time periods in federal criminal actions, if the last day of a time period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Crim. P. 45(a)(1)(C).[5] When Rule 45(a)'s time-computation rules are applied to the Speedy Trial Act period, the speedy trial clock did not expire until Tuesday, September 5, 2006, the day after Labor Day. Because Bramlett's trial began on that day, there was no Speedy Trial Act violation. Accordingly, Bramlett's trial counsel was not ineffective for not moving to dismiss the indictment on Speedy Trial Act grounds.

We recognize that this Court has never expressly applied Rule 45(a) to this 70-day period in a published opinion, but we have applied it in interpreting another Speedy Trial Act provision. In United States v. Skanes, 17 F.3d 1352 (11th Cir. 1994), this Court determined that, as to the Speedy Trial Act's requirement that a

---

[5]The version of Rule 45(a) in effect in 2006 is worded differently but, in substance, is the same. Compare Fed. R. Crim. P. 45(a)(3) (2006) ("Include the last day of the period unless it is a Saturday, Sunday, [or] legal holiday . . . . When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, [or] legal holiday . . . ."), with Fed. R. Crim. P. 45(a)(1)(C) (2010) ("[I]nclude the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

8

defendant be charged by indictment or information within 30 days from the date of his arrest, see 18 U.S.C. § 3161(b), the defendant's arrest date should be excluded. Skanes, 17 F.3d at 1353-54. This Court noted that the plain language of the statute supported excluding the arrest date from the 30-day computation, but the Court also relied on Rule 45:

> Any doubt as to whether to count the day of arrest in computing the speedy trial calendar is put to rest by Fed. R. Crim. P. 45 which states: "In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included." Here appellant's arrest is the event that triggered the running of the thirty-day clock and should not be counted. Several circuits have used Rule 45 in interpreting other provisions of the Speedy Trial Act, see United States v. Wright, 990 F.2d 147, 149 (4th Cir.), cert. denied, 510 U.S. 871, 114 S. Ct. 199, 126 L. Ed. 2d 157 (1993); United States v. Johnson, 953 F.2d 1167, 1172 (9th Cir.), cert. denied, 506 U.S. 879, 113 S. Ct. 226, 121 L. Ed. 2d 163 (1992); United States v. Vickerage, 921 F.2d 143, 147 (8th Cir.1990); United States v. Bruckman, 874 F.2d 57, 62 (1st Cir.1989), and we see no reason that Rule 45 should not apply here.

Skanes, 17 F.3d at 1354.[6] In light of this Court's statement in Skanes about the

---

[6]Although Skanes concerned the Speedy Trial Act's 30-day charging deadline instead of the 70-day trial deadline, and Rule 45(a)'s day-of-the-act exclusion rule instead of its last-day-on-a-weekend-or-holiday exclusion rule, its reasoning applies with equal force to the Speedy Trial Act and Rule 45(a) provisions at issue here.

Moreover, most of the cases from other circuits that the Skanes Court cited with approval are similar to the case at bar. See Wright, 990 F.2d at 149 ("Because the last day of the Speedy Trial period fell on a Sunday, Federal Rule of Criminal Procedure 45(a) applied, which made Monday, September 16th, the 30th day . . . to indict Wright"); Vickerage, 921 F.2d at 147 ("[T]he seventieth day fell on November 5, 1989, a Sunday. Because Vickerage's trial began on the next working day, there was no speedy trial violation. See Fed. R. Crim. P. 45(a) . . . ."); Bruckman, 874 F.2d at 62 ("The seventieth non-excludable day would thus be October 17, 1987, . . . [but] because October 17, 1987 fell on a Saturday, the application of Fed. R. Crim. P. 45(a) did not require trial to commence until the following Monday.").

applicability of Rule 45 to Speedy Trial Act computations, we conclude that Rule 45(a)'s provision extending time periods until the next working day where the last day of the period falls on a Saturday, Sunday, or legal holiday applies here as well.

Furthermore, even if Rule 45(a) does not apply, Bramlett has not shown that his trial counsel's performance was deficient. As mentioned above, the Speedy Trial Act provides for mandatory dismissal of the indictment upon the defendant's motion if trial does not begin within the 70-day period, see 18 U.S.C. § 3162(a)(2), but that dismissal can be either with or without prejudice. Zedner, 547 U.S. at 499, 126 S. Ct. at 1984. This Court has stated that "[w]here the crime charged is serious, the [district] court should dismiss [with prejudice] only for a correspondingly severe delay." United States v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984); see also United States v. Williams, 314 F.3d 552, 561 (11th Cir. 2002). Here, Bramlett was charged with (1) possessing with intent to distribute more than 50 grams of methamphetamine, which is a serious drug offense carrying a statutory minimum penalty of 10 years' imprisonment and a statutory maximum of life imprisonment, as well as (2) possessing a firearm as a convicted felon, an offense punishable by up to ten years' imprisonment. See 21 U.S.C. § 841(b)(1)(A)(viii); 18 U.S.C. § 924(a)(2). Under the circumstances, including the seriousness of the charged offenses, the minimal degree of delay (one business day), and the lack of

10

record evidence of prejudice to Bramlett from the delay or that the government actively sought delay, dismissal without prejudice would generally be the appropriate remedy for any Speedy Trial Act violation.  See Jones, 601 F.3d at 1257.  Consequently, a competent attorney representing Bramlett reasonably could have decided that filing a motion to dismiss on speedy trial grounds would have only delayed further the resolution of the charges against Bramlett and was not in Bramlett's best interests.   Thus, even if the Speedy Trial Act was violated here, Bramlett's trial counsel's failure to move to dismiss the indictment was not objectively unreasonable, and Bramlett's ineffective assistance of counsel claim fails.

## III.  CONCLUSION

For the reasons set forth above, we affirm the district court's denial of Bramlett's 28 U.S.C. § 2255 motion.

**AFFIRMED.**